ACCEPTED
13-15-00163-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/1/2015 6:26:47 PM
DORIAN RAMIREZ
CLERK

## NO. 13-15-00163-CV

## IN THE THIRTEENTH COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/1/2015 6:26:47 PM
DORIAN E. RAMIREZ
Clerk

*HUDSON INSURANCE COMPANY, Appellant*

*v.*

*BVB PARTNERS, Appellee*

**Appealed from the County Court at Law No. 4 of Hidalgo County, Texas
Cause No.: CL-14-3125-D**

## BRIEF OF APPELLANT
## HUDSON INSURANCE COMPANY

**STEVE E. COUCH**
State Bar No. 04875650
**KEN E. KENDRICK**
State Bar No. 11278500
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570
Telephone: (713) 595-6000
Facsimile: (713) 595-6001

**ATTORNEYS FOR APPELLANT
HUDSON INSURANCE COMPANY**

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), Appellant Hudson Insurance Company submits the following list of names of all parties to the case, as well as the names and addresses of their counsel.

1. **Defendant/Appellant:**
   Hudson Insurance Company

   ## Counsel

   Steve E. Couch
   State Bar No. 04875650
   Ken E. Kendrick
   State Bar No. 11278500
   Kelly, Sutter & Kendrick, P.C.
   3050 Post Oak Blvd., Suite 200
   Houston, Texas 77056-6570
   Telephone:   (713) 595-6000
   Facsimile:   (713) 595-6001

2. **Plaintiff/Appellee:**
   BVB Partners

   ## Counsel

   David E. Wood
   Attorney at Law
   1317 E. Quebec Ave
   McAllen, TX 78503
   Telephone:   956-618-0115
   Facsimile:   956-581-4457

# TABLE OF CONTENTS

|  | Page |
|---|---|
| IDENTITY OF PARTIES AND COUNSEL ............................... | ii |
| TABLE OF CONTENTS ...................................................... | iii |
| INDEX OF AUTHORITIES ................................................. | iv |
| RECORD REFERENCES AND PARTY ABBREVIATION ............ | x |
| STATEMENT OF THE CASE ............................................... | xiii |
| STATEMENT OF JURISDICTION ....................................... | xv |
| STATEMENT REGARDING ORAL ARGUMENT ...................... | xvi |
| PREAMBLE AND PRELIMINARY STATEMENT...................... | xviii |
| ISSUES PRESENTED ........................................................ | xix |
| STATEMENT OF FACTS.................................................... | 1 |
| SUMMARY OF ARGUMENT................................................ | 5 |
| ARGUMENT AND AUTHORITIES......................................... | 9 |
| CONCLUSION AND PRAYER ............................................. | 32 |
| CERTIFICATE OF SERVICE .............................................. | 34 |

# INDEX OF AUTHORITIES

Page

## CASES:

## United States Supreme Court

Mitsubishi Motors Corp. v. Soler Chrysler/Plymouth, Inc.,
473 U.S. 614, 105 S.Ct. 3346 (1985)..............................................................19

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
460 U.S. 1, 103 S.Ct. 927, 941-942 (1983) ....................................................11

## Federal Appellate Courts

Ace Property & Cas. Ins. Co. v. Federal Crop Ins. Corp.,
440 F.3d 992 (8th Cir. 2006)........................................................................xix

Alliance Ins. Co. v. Wilson,
384 F.3d 547 (8th Cir. 2004)................................................................xviii, xix

American Growers Ins. Co. v. Federal Crop Ins. Corp.,
532 F.3d 797 (8th Cir. 2008).......................................................................xviii

Banc One Acceptance Corp. v. Hill,
367 F.3d 426 (5th Cir. 2004) ........................................................................19

Meyer v. Conlon,
162 F.3d 1264 (10th Cir. 1998) ....................................................................26

Primerica Life Ins. Co. v. Brown,
304 F.3d. 469, (5th Cir. 2002) .........................................................................9

Williams Farms of Homestead v. Rain & Hail Ins. Services, Inc.,
121 F.3d 630 (11th Cir. 1997) ......................................................................26

**Federal District Courts**

Bissette v. Rain & Hail, LLC,
    2011 WL 3905059 (E.D. N.C. 2011)................................................. 17

Midland Farms, LLC v. U.S. Dep't of Agriculture,
    2014 WL 3672134 (D.S. D. 2014).................................................. xix

Newpark Shipbuilding v. Rig Pan Producer,
    267 F.Supp. 2d 756 (S.D. Tex. 2003)............................................ 6, 24

Nobles v. Rural Community Ins. Services,
    122 F.Supp.2d 1290 (M.D. Ala. 2000)........................................... 7, 25

Nobles v. Rural Community, Ins. Services,
    303 F.Supp.2d 1292 (M.D. Ala. 2004)...................................... 8, 26, 27

**Texas Supreme Court**

Allied-Bruce Terminix Co. v. Dobson,
    513 U.S. 265, 115 S.Ct. 834 (1995)............................................ 14, 16

Cantella & Co., Inc. v. Goodwin,
    924 S.W.2d 943 (Tex. 1996) (orig. proceeding) (*per curiam*) ..................... 11

Capital Income Properties – LXXX v. Blackmon,
    843 S.W.2d 22 (Tex. 1992).......................................................... 27

Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.,
    267 S.W.3d 20 (Tex. 2008).......................................................... 23

Forest Oil Corp. v. McAllen,
    268 S.W.3d 51 (Tex. 2008)........................................................... 9

In Re D. Wilson Const. Co.,
    196 S.W.3d 774 (Tex. 2006) (orig. proceeding)................... 10, 11, 12, 19, 31

In Re FirstMerit Bank, N.A.,
    52 S.W.3d 749 (Tex. 2001) (orig. proceeding)............................... 13, 20, 32

In Re Halliburton,
        80 S.W.3d 566 (Tex. 2002) (orig. proceeding)....................................1

In Re Kellogg Brown & Root, Inc.,
        166 S.W.3d 732 (Tex. 2005) (orig. proceeding)..............................9

In Re L & L Kempwood Associates, L.P.,
        9 S.W.3d 125 (Tex. 1999)........................................... 14, 15, 16

In Re Labatt Food Service, LP,
        279 S.W.3d 640 (Tex. 2009)...........................................9, 10

In Re Macy's Texas, Inc.,
        291 S.W.3d 418 (Tex. 2009) (orig. proceeding) (*per curiam*) ...............12, 17

In Re Merrill Lynch & Co., Inc.,
        315 S.W.3d 888 (Tex. 2010) (orig. proceeding...................................xv

In Re Oakwood Mobile Homes, Inc.,
        987 S.W.2d 571 (Tex. 1999) (*per curiam*) ...............................12, 18

In Re Palm Harbor Homes, Inc.,
        195 S.W.3d 672 (Tex. 2006)................................................12

In Re Poly-America, LP,
        262 S.W.3d 337 (Tex. 2008) (orig. proceeding)....................................10, 19

In Re Rubiola,
        334 S.W.3d 220 (Tex. 2011) (orig. proceeding)...........................12

In Re Weekley Homes, L.P.,
        180 S.W.3d 127 (Tex. 2005).............................................29, 31

J.M. Davidson, Inc. v. Webster,
        128 S.W.3d 223 (Tex. 2003)................................................32

National Fire Union Ins. Co. v. CBI Indus. Ins. Co.,
        907 S.W.2d 517 (Tex. 1995)................................................23

Prudential Securities, Inc. v. Marshall,
    909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding)
    (*per curiam*) ....................................................................... 11, 18, 19, 20, 28

Rachal v. Reitz,
    403 S.W.3d 840 (Tex. 2013) ................................................................. 30, 31

Richmont Holdings, Inc. v. Superior Recharge Systems, LLC,
    392 S.W.3d 633, (Tex. 2013) (*per curiam*) ..................................... 13

**Texas Courts of Appeals**

Ameriprise Financial Services, Inc. v. Farias,
    2013 WL 6175330 (Tex. App. — Corpus Christi-Edinburg 2013,
    pet. denied) (Mem. Op.) ...................................................................... xv, 16

Ascendant Anesthesia PLLC v. Abazi,
    348 S.W.3d 454 (Tex. App. — Dallas 2011, no pet.) ..................................... 12

Associated Glass, Ltd. v. Eye Ten Oaks Investments, Ltd., 1
    47 S.W.3d 507 (Tex. App. — San Antonio 2004, no pet.) .......................... 10

Baumeister v. Reagan,
    2013 WL 530976 (Tex. App. — Fort Worth 2013,
    no pet.) (Mem. Op.) ............................................................................... 20, 28

Buckner Glass Mirror v. Pritchard,
    697 S.W.2d 712 (Tex. App. — Corpus Christi 1985, no writ) ..................... 26

Dish Network, L.L.C. v. Brenner,
    2013 WL 3326640 (Tex. App. — Corpus Christi-Edinburg 2013,
    no pet.) (*emphasis added*) (Mem. Op.) ............................................... 13

F.D. Frontier Drilling (Cypress) Ltd. v. Didmon,
    438 S.W.3d 688 (Tex. App. — Houston [1st Dist.] 2014,
    pet. denied) ............................................................................................. 10

In Re American National Cty. Mut. Ins. Co.,
    384 S.W.3d 429 (Tex. App. — Austin 2012, orig. proceeding)
    (Mem. Op.) ............................................................................................. 27

In Re Bath Junkie Franchise, Inc.,
    246 S.W.3d 356 (Tex. App. — Beaumont 2008, orig. proceeding)............. 16

In Re Chevron, USA, Inc.,
    419 S.W.3d 318 (Tex. App. — El Paso 2010, orig. proceeding) ................. 16

In Re Conseco Finance Serv. Corp.,
    19 S.W.3d 562 (Tex. App. — Waco 2000, orig. proceeding) ...................... 18

In Re Education Management Corp., Inc.,
    14 S.W.3d 418 (Tex. App. — Houston [14th Dist.] 2000,
    orig. proceeding) ................................................................................. 14

In Re Frost National Bank,
    2008 WL 4889836 (Tex. App. — Corpus Christi-Edinburg 2008,
    orig. proceeding) (Mem. Op.) ............................................................... 18

In Re Great Western Drilling, Ltd.,
    211 S.W.3d 828 (Tex. App. — Eastland 2006, orig. proceeding) ............... 27

In Re Profanchik,
    31 S.W.3d 381 (Tex. App. — Corpus Christi 2000)
    (orig. proceeding)................................... I2, 15, 16, 18, 19, 20, 27, 28

Maverick Engineering, Inc. v. Nadkarni,
    2009 WL 1974757 (Tex. App. — Corpus Christi-Edinburg 2009,
    orig. proceeding) (Mem. Op.) ....................................... I4, 19, 20, 28

Neatherlin Homes, Inc. v. Love,
    2007 WL 700996 (Tex. App. — Corpus Christi-Edinburg 2007,
    orig. proceeding) (Mem. Op.) ........................................... 17, 18, 20

**STATUTES:**

7 U.S.C. § 1501 ...................................................................................... xvii

7 U.S.C. § 1503 ...................................................................................... xvii

9 U.S.C. § 2 ........................................................................................ 14, 17

9 U.S.C. § 16 ............................................................................................. xv

Tex. Civ. Prac. & Rem. Code § 51.016 ................................................... xv

**REGULATIONS:**

7 C.F.R. § 457.8 ...................................................................................... xiii

27 C.F.R. § 457.8 ..................................................................................... 17

## RECORD REFERENCES AND PARTY ABBREVIATIONS

References in Appellant's Brief are shown as follows, with specific page numbering in parenthesis unless otherwise noted:

**Appendix:** References to the Appendix are by notation "App.", e.g., App. 1, p.1

**Clerk's Record:** References to Volume 1 of the Clerk's Record from the Hidalgo County Court at Law No. 4 filings and proceedings are by page number using the notation: "CR", e.g., CR: 1. References to Volume 2 of the Clerk's Record are by volume and page number using the notation: "CR: Vol. __ at __", e.g., CR: Vol. 2 at 1.

**Reporter's Record:** References to the Reporter's Record reflecting hearings held in the Hidalgo County Court at Law No. 4 are by volume and page number using the notation: "RR: Vol. __ at __", e.g. RR: Vol. 1 at 1

**The Order:** References to "the Order" or "the Trial Court's Order", unless otherwise noted, shall refer to the Trial Court's March 17, 2015 Order which denied Hudson Insurance Company's Motion to Compel Arbitration and Motion to Stay.

**"Hudson":** References to "Hudson" shall mean Appellant Hudson Insurance Company.

**"Plaintiff":** References to "Plaintiff", unless otherwise noted, shall refer to Plaintiff, BVB Partners.

**"CropGuard":** References to "CropGuard", unless otherwise noted, shall refer to Defendant CropGuard Group, Inc.

**"Parties":** References to "parties" or "the parties", unless otherwise noted, shall refer to Plaintiff and Hudson, collectively.

**"Trial Court":** References to "Trial Court", refers to the Hidalgo County Court at Law No. 4, Judge Fred Garza Presiding, the Court in which the Plaintiff filed this lawsuit/cause.

## STATEMENT OF THE CASE

This case arises from the premium which the Plaintiff was ultimately charged for its Multiple Peril Crop Insurance Policy for the crop year 2013 (sometimes referred to as "the Policy"). (CR: 4-7; CR: Vol. 2 at 91-92) Plaintiff disagreed with the charged premium and it filed suit seeking recovery of the premium amount which it was allegedly overcharged. (CR: 4-7)

Hudson Insurance Company issued crop insurance policies to the Plaintiff from crop year 2008 through crop year 2013. (CR: 28-29; CR: Vol. 2 at 71) This case involves the policy for the crop year 2013 (sometimes hereafter referred to as "the Policy"). (CR: 4-7, 28-29; CR: Vol. 2 at 91-02) CropGuard Group, Inc. was the Plaintiff's insurance agent, as well as Hudson's agent with respect to the crop year 2013 policy. (CR: 4-7)

As discussed below, crop insurance policies are unique; the Basic Provisions are written by the Federal Government (the Risk Management Agency of the United States Department of Agriculture) and the policies are re-insured by the Government. (CR: 28-29, 48, 78) The Basic Provisions, which include the arbitration provision, are then published in the Code of Federal Regulations. (CR: 28-29, 48, 78) (See also Preamble and Preliminary Statement)

The arbitration agreement contained in the Plaintiff's crop year 2013 policy pertinently states that:

> "If you [the insured] and we [Hudson] fail to agree on **any** determination made us [Hudson] ..., the disagreement **must** be resolved through arbitration in accordance with the Rules of the American Arbitration Association". (CR:78-79) (*emphasis added*)

Under its crop year 2013 policy, the Plaintiff submitted seven (7) claims and Hudson paid Plaintiff the total amount of **$347,289** pursuant to those claims. (CR: Vol. 2 at 71-74, 73) Thus, the Plaintiff sought and obtained very substantial benefits under its 2013 crop year policy. (CR: Vol. 2 at 4-8, 71-74)

Plaintiff alleges that Hudson (and CropGuard) provided misinformation to it regarding the lower premium enterprise unit system. (CR: 4-7) Subsequently, Hudson determined that Plaintiff was not entitled to the lower premium and Hudson then determined the premium/applicable premium rate and charged the premium on the Policy. (CR: 4-7; CR: Vol. 2 at 91-92) Plaintiff has alleged that it was charged $25,000 more in premium than it should have been. (CR: 4-7) At the March 4, 2015 hearing, Plaintiff's counsel explained that Hudson denied Plaintiff's premium subsidy claim. (RR: Vol. 3 at 14-16) Hudson does not agree with counsel's characterization, but this further shows that, inevitably, Plaintiff disagreed with Hudson's premium determination and it then filed this lawsuit. In

this lawsuit, Plaintiff seeks the premium amount which it was allegedly overcharged -- the $25,000 -- as its actual damages. (CR: 4-7)

On November 21, 2014, Hudson filed its Motion to Compel Arbitration and Motion to Stay (sometimes hereafter referred to as "Hudson's Motion"). (CR: 11-198) On February 3, 2015, Hudson filed a Supplement to its Motion. (CR: Vol. 2 at 4-74)[1] Plaintiff filed a Motion to Continue the February 4, 2015 hearing. (CR: Vol. 2 at 75-76) At the February 4, 2015 hearing, the Honorable Fred Garza, Presiding Judge of the County Court at Law No. 4 of Hidalgo County, announced deadlines for Plaintiff to file a Response and for Hudson to file a Reply (to Plaintiff's Response), and the hearing was reset to March 4, 2015. RR: Vol. 2 at 1-12; CR: Vol. 2 at 136)

After Plaintiff filed a Response and Hudson filed its Reply in the Trial Court, a hearing was held on March 4, 2015, before Presiding Judge Garza. (RR: Vol. 3 at 5-43; CR: Vol. 2 at 136) After the hearing, the parties filed additional and supplemental briefing. (CR: Vol. 2 at 93-121) On March 17, 2015, the Trial Court, Presiding Judge Garza, signed an Order denying Hudson's Motion. (CR: Vol. 2 at 122) On April 2, 2015, Hudson filed its Notice of Appeal. (CR: Vol. 2 at 123-126)

---

[1] In the Clerk's Record, the Exhibits to Hudson's Supplement to its Motion are out of order. Exhibit "A" to Hudson's Supplement, the Affidavit of Ammie Martinez, appears at pages 70-74. (CR: Vol. 2 at 70-74) Exhibit "1" to the Affidavit are at pages 12-31 (CR: Vol. 2 at 12-31); Exhibit "2" to the Affidavit are at pages 32-69 (CR: Vol. 2 at 32-69).

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Texas Civil Practice and Remedies Code Section 51.016 and 9 U.S.C. § 16. Specifically, when the Federal Arbitration Act ("FAA") applies, *as it does here*, Section 51.016 authorizes an immediate appeal of an interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16". Tex. Civ. Prac. & Rem. Code § 51.016; 9 U.S.C. § 16; In Re Merrill Lynch & Co., Inc., 315 S.W.3d 888, 891, n. 3 (Tex. 2010) (orig. proceeding); Ameriprise Financial Services, Inc. v. Farias, 2013 WL 6175330 at *2 (Tex. App. — Corpus Christi-Edinburg 2013, pet. denied).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument would be beneficial to the Court in resolving any questions which it may have. At the same time, Appellant believes that, in view of applicable and controlling law and the evidence of record, it is clear that the Trial Court was required to order/compel arbitration of Plaintiff's alleged claim against Hudson.

## PREAMBLE AND PRELIMINARY STATEMENT

Since this case concerns crop insurance policies, which are unique, Hudson briefly outlines the background regarding the Federal Crop Insurance Program.

In 1938, the United States Congress passed the Federal Crop Insurance Act ("FCIA"). 7 U.S.C. § 1501. The FCIA began the Federal Crop Insurance Program, and under the authority of the FCIA, the Federal Crop Insurance Corporation ("FCIC") was created. Id. at § 1503. The FCIC is a wholly-owned corporation of the Federal Government which, along with the United States Department of Agriculture, administers and regulates the Federal Crop Insurance Program. See id.; Alliance Ins. Co. v. Wilson, 384 F.3d 547, 549 (8th Cir. 2004). In 1996, Congress created the RMA to operate and manage the FCIC and to administer the Federal Crop Program. American Growers Ins. Co. v. Federal Crop Ins. Corp., 532 F.3d 797, 798 (8th Cir. 2008).

In 1980, Congress revised the FCIA to encourage the FCIC to contract with approved, private insurance companies to sell and service crop insurance policies and to have the FCIC reinsure those policies. Ace Property & Cas. Ins. Co. v. Federal Crop Ins. Corp., 440 F.3d 992, 994 (8th Cir. 2006). Thus, crop insurance policies can now be issued through approved, private insurance providers and the policies are reinsured by the FCIC, rather than being issued directly by the FCIC. Wilson, 384 F.3d at 549

Hudson is an approved private insurance provider and thus, authorized to issue crop insurance policies, like the crop policies which it issued to the Plaintiff. (CR: 28-29) The 2013 crop year policy which Hudson issued to the Plaintiff was/is re-insured by the FCIC. (CR: 28-29, 48)

The terms and conditions of crop insurance policies, i.e., the "Basic Provisions", are written by the RMA and then published in the Code of Federal Regulations. 7 C.F.R. § 457.8 Midland Farms, LLC v. U.S. Dep't of Agriculture, 2014 WL 3672134 at *1 (D.S. D. 2014) The Basic Provisions, which become part of all crop insurance policies reinsured by the FCIC, contain a mandatory arbitration provision. (CR: 28-29, 48) As a part of the Basic Provisions, the arbitration provision appears in the Code of Federal Regulations. See 7 C.F.R. § 457.8 (CR: 28-29, 48)

# ISSUES PRESENTED

I.     The Trial Court Erred In Failing To Compel Arbitration Because Hudson Established That The Parties' Valid Arbitration Agreement Encompasses The Plaintiff's Claim

        A.     Hudson Established That The FAA Governs The Parties' Arbitration Agreement

        B.     Hudson Established That A Valid Arbitration Agreement Exists Between It And The Plaintiff

        C.     The Plaintiff's Alleged Claim Falls Within The Scope Of The Arbitration Agreement

II.    *Independently*, Because The Plaintiff *Undisputably* Obtained Substantial Benefits Under Its 2013 Crop Year Policy, The Trial Court Inevitably Abused Its Discretion In Failing To Compel Arbitration Under The Direct Benefits Estoppel Doctrine

NO. 13-15-00163-CV

IN THE THIRTEENTH COURT OF APPEALS

*HUDSON INSURANCE COMPANY, Appellant*
*v.*
*BVB PARTNERS, Appellee*

Appealed from the County Court at Law No. 4 of Hidalgo County, Texas
Cause No.: CL-14-3125-D

BRIEF OF APPELLANT
HUDSON INSURANCE COMPANY

TO THE HONORABLE THIRTEENTH COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure 28 and 38, Appellant, Hudson Insurance Company, now files its Appellant's Brief.

STATEMENT OF FACTS

Hudson, an approved insurance provider of multiple peril crop insurance policies, issued crop insurance policies to Plaintiff BVB Partners from crop year 2008 through crop year 2013. (CR: 28-29; CR: Vol. 2 at 71) The policies were reinsured by the FCIC. (CR: 28-29, 48) The Basic Provisions of the policies, which include the arbitration provision, are written by the Federal Government (RMA) and are then published in the Code of Federal Regulations. (CR: 28-29,

48) This case concerns the Plaintiff's policy for the crop year 2013. (CR: 407, 28-29; CR: Vol. 2 at 91-92) CropGuard was Plaintiff's insurance agent, as well as Hudson's agent, with respect to the Plaintiff's crop year 2013 insurance policy. (CR: 4-7)

The Policy contains the following arbitration provision:

"if you [the insured] and we [Hudson] fail to agree on **any** determination made us [Hudson] …, the disagreement **must** be resolved through arbitration in accordance with the Rules of the American Arbitration Association". (CR:78-79) (*emphasis added*)

Under the Policy, the Plaintiff submitted seven (7) claims and Hudson paid Plaintiff **$347,289** pursuant to those claims. (CR: Vol. 2 at 71-74, 73) Thus, the Plaintiff sought and obtained very substantial benefits under its 2013 crop year policy. (CR: Vol. 2 at 4-8, 71-74)

This case arises from the premium which Plaintiff was ultimately charged for its 2013 crop year policy. (CR: 4-7; CR: Vol. 2 at 91-93) In its Original Petition, Plaintiff alleges that in January, 2013, Hudson (and CropGuard) provided misinformation about planting in one unit (instead of two), which pertained to whether it qualified or would qualify for a lower premium enterprise unit system. (CR: 4-7) Plaintiff was then charged a policy premium and Plaintiff alleges that it was charged $25,000 more than it should have been charged, and it seeks the $25,000 as its actual damages. (CR: 4-7) To this extent, Hudson determined that

the Plaintiff did not qualify for the enterprise unit system and it then determined and charged the premium/applicable premium rate. (CR: 4-7; CR: Vol. 2 at 91-92) While Hudson does *not* concede to liability to any extent, its determinations resulted in the higher premium amount for which Plaintiff allegedly seeks recovery. (CR: 4-7; CR: Vol. 2 at 91-92)

When Hudson filed its Original Answer, it asserted that the Plaintiff's alleged claim(s) falls within the scope of the parties' valid and enforceable arbitration agreement contained in the Policy. (CR: 8-10) On November 21 2014, Hudson filed its Motion to Compel Arbitration and Motion to Stay, establishing that the parties' valid arbitration agreement encompasses the Plaintiff's alleged claim. (CR: 11-198) On February 3, 2015, Hudson filed a Supplement to its Motion in which, among other things, it *additionally* demonstrated that Plaintiff's alleged claim must also be arbitrated because Plaintiff undisputably sought and obtained substantial benefits under its 2013 crop year policy. (CR: Vol. 2 at 4-74) On February 4, 2015, Plaintiff filed a Motion to Continue the hearing, which had been set for February 4, 2015. (CR: 200; CR: Vol. 2 at 75-80)

On February 4, 2015, a hearing was held at which Hudson's counsel provided the Trial Court with some background information and preliminary comments regarding Hudson's arguments; otherwise, the Court reset the hearing to March 4, 2015 and provided a briefing schedule for the Plaintiff to file a Response

3

to Hudson's Motion and Supplement thereto, and for Hudson to file a Reply to the Plaintiff's Response. (RR: Vol. 2 at 4-11; CR: Vol. 2 at 136)

Subsequently, on March 4, 2015, the Trial Court heard arguments of counsel. (RR: Vol. 3 at 5-43; CR: Vol. 2 at 136) During the hearing, Plaintiff's counsel admitted that Hudson made a determination in charging the policy premium (or determining the premium rate), but counsel asserted that "we're not complaining about any determination that you [Hudson] made". (RR: Vol. 3 at 14-16) But yet, in this lawsuit, Plaintiff *solely* seeks the determined higher premium amount, which it asserts is $25,000, as its alleged damages. (CR: 4-7) As explained by Plaintiff's counsel at the hearing, Hudson denied Plaintiff's "premium subsidy" claim. (RR: Vol. 3 at 14-15) While Hudson does not agree with this characterization, such explanation further shows that Plaintiff inevitably disagreed with Hudson's ultimate premium determination, which resulted in Plaintiff filing this lawsuit to recover the higher premium amount. (RR: Vol. 3 at 14-16; CR: 4-7; CR: Vol. 2 at 91-92)

After the hearing, the parties filed additional and supplemental briefing. (CR: Vol. 2 at 93-121) On March 17, 2015, the Trial Court signed the Order denying Hudson's Motion. (CR: Vol. 2 at 122) On April 2, 2015, Hudson filed its Notice of Appeal. (CR: Vol. 2 at 123-126)

4

## SUMMARY OF ARGUMENT

The law strongly favors arbitration and a presumption exists in favor of agreements to arbitrate under the FAA.

Here, Hudson established that its arbitration agreement with the Plaintiff is governed by the FAA and this issue was *not* disputed in the Trial Court. Hudson then proved the parties' valid arbitration agreement and the Plaintiff did not dispute its validity or enforceability. Also, the Plaintiff did *not* attempt to either raise a defense or prove a defense; it exclusively contested that its alleged claim falls within the scope of the arbitration agreement.

Because Hudson established the parties' valid arbitration agreement, any ambiguities or doubts regarding the arbitrability of Plaintiff's claim must be resolved in favor of arbitration. In fact, as this Court and the Texas Supreme Court have recognized, when there is an interpretation supporting the arbitrability of a claim, *as there is here*, the "compelling" federal policy favoring arbitration *requires* that the claim be arbitrated.

The arbitration agreement here applies when the parties disagree about "any determination" made by Hudson. This is a broad agreement; there is no limiting language. Plaintiff has alleged that it was "charged" a higher premium by $25,000 for its 2013 crop year policy than it should have been, and Plaintiff's alleged damages solely comprise this higher premium amount. Inevitably and necessarily,

5

Hudson determined and charged the Policy premium, and Plaintiff obviously disagreed with it, which dictates that its claim must be arbitrated.

Specifically, Hudson determined that the Plaintiff did not qualify for the enterprise unit system and it then determined the premium/premium rate which was ultimately charged. In other words, Hudson made a "determination" which resulted in the higher premium, which Plaintiff asserts is $25,000 — the alleged damage Plaintiff seeks in this lawsuit. As Plaintiff's counsel explained it at the March 4, 2015 hearing, Hudson denied its "premium subsidy" claim; Hudson does not agree with this characterization, but this further shows that Plaintiff's claim is necessarily based on Hudson's premium determination. And Plaintiff obviously disagreed with the premium determination; thus, this lawsuit. In fact, when a plaintiff attempted to avoid arbitration in another case and argued that there was no "dispute" despite filing the lawsuit, the Federal Court's response was: "obviously, a lawsuit is a dispute". Newpark Shipbuilding v. Rig Pan Producer, 267 F.Supp.2d 756, 758 (S.D. Tex. 2003)

While the Plaintiff asserts that its claim is solely based on the alleged misinformation regarding whether it qualified for the enterprise unit system, until Hudson determined and charged the premium/premium rate on the Policy, the Plaintiff had no damage and thus, no ripe claim. Through counsel, Plaintiff admitted that Hudson determined the premium/premium rate, but counsel asserted

6

that Plaintiff does not disagree with it because it was dictated by the prior alleged misinformation that the Plaintiff plant in just one unit; however, contrary to common sense and the plain meaning of the terms of the arbitration agreement, this means that the Plaintiff somehow agreed with the determination, but not the result of it. Necessarily, one disagrees with a "determination" if it disagrees with the results or consequences of it. Beyond that, the arbitration agreement contains no language which limits *when* a determination must be made; likewise, there is no language which says that a "determination" is not made if it is allegedly based on, dictated by, or preceded by the alleged provision of misinformation.

Even further, if Hudson had ultimately determined to charge a lower premium, then despite the alleged prior misinformation, there would have been no disagreement and no lawsuit. In other words, as evidenced by this lawsuit and the alleged damage sought by Plaintiff, it inevitably disagreed with Hudson's premium determination, which dictates the arbitrability of its claim.

In addition, in the Trial Court, consistent with Plaintiff's misguided attempt to somehow avoid the reach of the arbitration agreement, after representing that several cases were "dispositive", when Hudson then demonstrated that the cases were clearly distinguishable, or if anything, supportive of Hudson's position, Plaintiff subsequently admitted that the leading case upon which it relied (Nobles v. Rural Community Ins. Services, 122 F.Supp.2d 1290 (M.D. Ala. 2000)) had

7

been "mistakenly cited". Plaintiff then cited another <u>Nobles</u> case (reported at 303 F.Supp.2d 1292) as actually the "dispositive" one, but the court there did not even address arbitration because the previously-ordered arbitration had been completed and the case was in a post-arbitration posture. <u>See Nobles v. Rural Community, Ins. Services</u>, 303 F.Supp.2d 1292, 1294-1296 (M.D. Ala. 2004)

Clearly, in view of the Plaintiff's allegations and Hudson's inevitable determinations which resulted in the higher premium (including the determination admitted-to by Plaintiff's counsel) and the Plaintiff filing this lawsuit to solely recover the higher premium amount as its alleged damages, the Plaintiff's claim falls well within the scope of the arbitration agreement. At an absolute minimum, because there is an interpretation supporting arbitrability, the Trial Court was *required* to order/compel arbitration of Plaintiff's claim; therefore, the Trial Court erred in failing to do so.

*Independently*, in the Trial Court, Hudson submitted evidence establishing that pursuant to multiple claims which Plaintiff made under its crop year 2013 policy, Hudson paid the Plaintiff the substantial sum of $347,289 under the Policy. *The Plaintiff did not dispute this evidence.* The Texas Supreme Court has established that under the rule/doctrine of direct benefits estoppel, when a party seeks and obtains substantial benefits under a contract containing an arbitration agreement, that party "cannot equitably object" to such arbitration agreement.

8

Because the Plaintiff here *undisputably* sought and obtained very substantial benefits under the Policy, it cannot equitably object to the arbitration agreement/provision contained in the Policy. Accordingly, the Trial Court inevitably failed to properly apply the law of direct benefits estoppel to the undisputed evidence and thus, abused its discretion in failing to compel/order arbitration for this additional and independent reason.

## ARGUMENT AND AUTHORITIES

### The Standard Of Review

The Texas Supreme Court has recognized that "[w]hen an appeal from a denial of a motion to compel arbitration turns on a legal determination ... we apply a de novo standard". Forest Oil Corp. v. McAllen, 268 S.W.3d 51, 55 n. 9 (Tex. 2008); In Re Labatt Food Service, LP, 279 S.W.3d 640, 643 (Tex. 2009) ("we review the trial court's legal determinations de novo") Also, the Fifth Circuit has stated that a "court reviews *de novo* the grant or denial of a petition to compel arbitration pursuant to § 4 of the FAA". Primerica Life Ins. Co. v. Brown, 304 F.3d. 469, 471 (5th Cir. 2002).

Here, as to Issue No. 1, under the FAA, Hudson was required to show, and did show, that (a) there was a valid arbitration agreement between it and the Plaintiff, and (b) the Plaintiff's alleged claim falls within the scope of the agreement. In Re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005)

(orig. proceeding). *These are legal questions and thus, reviewed de novo.* In Re LaBatt Food Service, 279 S.W.3d at 643. Specifically, "[w]hether a valid arbitration agreement exists is a legal question subject to de novo review".[1] In Re D. Wilson Const. Co., 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding) Likewise, whether claims fall within the scope of an arbitration agreement is a legal question, also reviewed de novo. Associated Glass, Ltd. v. Eye Ten Oaks Investments, Ltd., 147 S.W.3d 507, 512 (Tex. App. — San Antonio 2004, no pet.); F.D. Frontier Drilling (Cypress) Ltd. v. Didmon, 438 S.W.3d 688, 693 (Tex. App. — Houston [1st Dist.] 2014, pet. denied). "In a de novo review, the trial court's decision is given absolutely no deference". Ascendant Anesthesia PLLC v. Abazi, 348 S.W.3d 454, 458 (Tex. App. — Dallas 2011, no pet.).

As to a trial court's factual findings or determinations, deference is given *if* they are supported by evidence. In Re LaBatt Food Service, LP, 279 S.W.3d at 643. Also, a trial court *abuses* its discretion if it fails to (a) properly apply the law to the facts, (b) properly determine the applicable law, or (c) properly analyze and apply the law. In Re D. Wilson Const. Co., 196 S.W.3d at 781; In Re Poly-America, LP, 262 S.W.3d 337, 349 (Tex. 2008) (orig. proceeding). Additionally, the Texas Supreme Court has stated that under the FAA, an *abuse of discretion*

---

[1] In the Trial Court, the Plaintiff did not challenge the validity or enforceability of the parties' arbitration agreement; it exclusively argued that its alleged claim does not fall within the scope of the agreement. (CR: Vol. 2 at 75-80, 78-79, 102-110, 108, 118-121; RR: Vol. 3 at 15, 34)

occurs "when a party is erroneously denied its contracted-for arbitration rights ...." In Re D. Wilson Const. Co., 196 S.W.3d at 780.

With regard to Issue No. 2, the evidence in the Trial Court was *undisputed* that the Plaintiff sought and obtained substantial benefits under its 2013 crop year insurance policy. (CR: Vol. 2 at 4-74, 75-80, 102-110, 118-121; see RR: Vol. 3) Therefore, the Trial Court inevitably abused its discretion in failing to properly apply the law of direct benefits estoppel to the undisputed facts and evidence. In Re D. Wilson Const. Co., 196 S.W.3d at 781.

## Issue No. 1

## I.

## The Trial Court Erred In Failing To Compel Arbitration Because Hudson Established That The Parties' Valid Arbitration Agreement Encompasses The Plaintiffs's Claim

The United States Supreme Court and the Texas Supreme Court have recognized that federal and state law strongly favor arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-942 (1983); Cantella & Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding) (*per curiam*)  In fact, "a presumption exists in favor of agreements to arbitrate under the FAA". Goodwin, 942 S.W.2d at 944 (citing Prudential Securities, Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995) (orig. proceeding) (*per curiam*)

11

Under the FAA, *which applies here*, a party seeking to compel arbitration must establish that (a) a valid arbitration agreement exists, and (b) the claims alleged against it fall within its scope. In Re Rubiola, 334 S.W.3d 220, 223 (Tex. 2011) (*orig. proceeding*); In Re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (*per curiam*) "The FAA contains no requirements for the form or specificity of arbitration agreements except that they be in writing; it does even require that they be signed". See In Re Macy's Texas, Inc., 291 S.W.3d 418, 419 (Tex. 2009) (*orig. proceeding*) (*per curiam*)

In determining the validity of an arbitration agreement under the FAA, generally, state-law principles regarding the formation of contracts are applied. In Re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex. 2006) Once a valid arbitration agreement is shown to exist, in determining whether claims fall within its scope, the strong presumption favoring arbitration "*requires* that [this Court] resolve [any] doubts as to the scope of the agreement[s] in favor of coverage". In Re D. Wilson Const., 196 S.W.3d at 782 (*emphasis added*); In Re Profanchik, 31 S.W.3d 381, 385-386 (Tex. App. — Corpus Christi 2000) (orig. proceeding)

Once a party establishes the existence of an arbitration agreement which encompasses the claims, a trial court "*must* compel arbitration...unless the party opposing arbitration *proves* a defense precluding enforcement." Dish Network, L.L.C. v. Brenner, 2013 WL 3326640 at *3 (Tex. App. — Corpus Christi-Edinburg

12

2013, no pet.) (*emphasis added*); In Re FirstMerit Bank, N.A., 52 S.W.3d 748, 753-754 (Tex. 2001) (orig. proceeding)

Here, as discussed below, in the Trial Court, Hudson demonstrated that the FAA applies to the parties' arbitration agreement and this was not disputed. (CR:11-29) Hudson then established (a) the validity of the arbitration agreement, and (b) that the Plaintiff's alleged claim falls within its scope. (CR:11-198, 28-29, 78-79) The Plaintiff did *not* attempt to either raise a defense or prove a defense; it exclusively contested that its alleged claim falls within the scope of the agreement.[2] (CR: Vol. 2 at 75-80, 102-110, 118-121; RR: Vol. 3)

As discussed below, Hudson amply demonstrated in the Trial Court that the Plaintiff's alleged claim falls well within the scope of the agreement. In fact, when properly applying the strong and "compelling" presumption favoring arbitration and the liberal standards favoring arbitrability, at an absolute minimum, because there is an interpretation supporting the arbitrability of Plaintiff's alleged claim, the Trial Court was *required* to order/compel arbitration even if it had a doubt about it. Therefore, the Trial Court erred in failing to order/compel arbitration of Plaintiff's alleged claim.

---

[2] In Plaintiff's Supplemental Brief, Plaintiff commented that ordering its claim to arbitration would be "needlessly time-consuming and wasteful". Even *if* this comment somehow pertains to any valid defense (*which it does not*), Plaintiff never provided any argument, authority, or any evidence of this or *any* defense. (CR: Vol. 2 at 75-80, 102-110, 118-121; RR: Vol. 3 at 1-44) Therefore, Plaintiff *cannot* attempt to argue any defense to the enforceability of the arbitration agreement in this appeal. Richmont Holdings, Inc. v. Superior Recharge Systems, LLC, 392 S.W.3d 633, 634-635 (Tex. 2013) (*per curiam*)

13

## A.
## Hudson Established That The FAA Governs The Parties' Arbitration Agreement

The FAA governs all written agreements to arbitrate in transactions involving or affecting interstate commerce. 9 U.S.C. § 2; In Re L & L Kempwood Associates, L.P., 9 S.W.3d 125, 127 (Tex. 1999). The FAA is construed broadly and "extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitutional will reach". L & L Kempwood, 9 S.W.3d at 127; Maverick Engineering, Inc. v. Nadkarni, 2009 WL 1974757 at *2 (Tex. App. — Corpus Christi-Edinburg 2009, orig. proceeding) (citing Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 272-274, 276-278, 115 S.Ct. 834 (1995)) "If just some ... aspects of a transaction affect interstate commerce", then the FAA applies. In Re Education Management Corp., Inc., 14 S.W.3d 418, 423 (Tex. App. — Houston [14th Dist.] 2000, orig. proceeding).

Courts have been *very liberal* in finding that transactions involve or affect interstate commerce such that the FAA applies.

In Allied-Bruce Terminix Companies v. Dobson, where an Alabama homeowner hired a local Alabama Terminix franchise store to inspect his home for termites, the *United States Supreme Court* held that the transaction involved interstate commerce because of the multi-state nature of Terminix's business, coupled with the local franchise's purchase of treatment materials from outside

14

Alabama. 513 U.S. at 282, 115 S.Ct. 834. In L & L Kempwood, the *Texas Supreme Court* found that the contract affected or involved interstate commerce because the contracting parties "reside[d] in different states" and the renovation work on the Houston apartments was done for out-of-state owners. 9 S.W.3d at 127. In In Re Profanchik, where a minority shareholder sued the majority shareholder and the corporation in a dispute over his ownership interest, even though the parties were Texas residents and the corporation was formed in Texas and had its principal office in Texas, this Court held that the FAA applied because the corporation installed telephones in other states (Oklahoma and New Mexico) and thus, conducted business in other states. 31 S.W.3d at 384-385

Here, the Plaintiff's alleged claim arises from its disagreement with Hudson's premium determination on its 2013 crop year policy. (CR: 4-7; RR: Vol. 3 at 14-16) In view of this and Courts' liberal approach in finding that transactions involve or effect interstate commerce, Hudson established the FAA's applicability through the following evidence, *which Plaintiff did not dispute*:

- Plaintiff resides in Texas. (CR: 4-5)

- Defendant Hudson was incorporated in Delaware; and Hudson's principal place of business is in New York. (CR: 28)

- Hudson is licensed in all 50 states; thus, Hudson issues and sells insurance policies, and conducts business nationwide. (Id.)

- With respect to the Plaintiff's premium for the crop year 2013, Plaintiff paid the premium, from Texas, to Hudson, in New York. (CR: at 28-29)

15

Clearly, in view of the multi-state residence of the parties, the nationwide/multi-state nature of Hudson's business, and the payment of the premium(s) across State lines, unquestionably, the arbitration agreement/provision here affects or involves interstate commerce; therefore, the FAA applies to the parties' arbitration agreement. See Allied-Bruce Terminix, 513 U.S. at 282, 115 S.Ct. 834; L&L Kempwood, 9 S.W.3d at 127; In Re Profanchik, 31 S.W.3d at 384-385.

In addition, when this issue is not disputed in the trial court, appellate courts routinely accept the FAA's applicability. See In Re Bath Junkie Franchise, Inc., 246 S.W.3d 356, 363 (Tex. App. — Beaumont 2008, orig. proceeding); In Re Chevron, USA, Inc., 419 S.W.3d 318, 325 (Tex. App. — El Paso 2010, orig. proceeding); Ameriprise Financial Services, Inc. v. Farias, 2013 WL 6175330 at *5 n. 3 (Tex. App. — Corpus Christi-Edinburg 2013, pet. denied). *Here, Plaintiff never disputed the applicability of the FAA.* (CR: Vol. 2 at 75-80, 102-110, 118-121)

Clearly, Hudson established, and *it was not disputed*, that the FAA governs the parties' arbitration agreement.

## B.
## Hudson Established That A Valid Arbitration Agreement Exists Between It And The Plaintiff

It is worth reiterating that the arbitration agreement/provision here was written by the Federal Government (the RMA) and is published in the Code of

16

Federal Regulations as part of the Basic Provisions of crop insurance policies. See 27 C.F.R. § 457.8 As Hudson pointed-out in the Trial Court (CR: 17-18), it has been recognized that the "mandatory arbitration provisions in crop insurance policies are valid and enforceable". Bissette v. Rain & Hail, LLC, 2011 WL 3905059 at *2 (E.D. N.C. 2011) Again, under the FAA, the only requirement for a valid arbitration agreement is that it be in writing; there are no form or specificity requirements. In Re Macy's Texas, 291 S.W.3d at 419; see 9 U.S.C. § 2

Here, in the Trial Court, Hudson proved-up the Plaintiff's 2013 crop insurance policy which contains the mandatory arbitration agreement/provision. (CR: 11-21, 28-29, 78-79) With this, the FAA provides that arbitration agreements are "valid, irrevocable, and enforceable unless "grounds ... exist at law or in equity for the revocation of any contract". 9 U.S.C. § 2; In Re Halliburton, 80 S.W.3d 566, 568 (Tex. 2002) (orig. proceeding)

Further, the Plaintiff did *not* contest either the existence or the validity of the arbitration agreement. (CR: 75-80, 102-110, 108, 118-121; RR: Vol. 3 at p. 15, 33-34) In open court, Plaintiff's counsel stated that "[w]e don't even dispute that there is a valid arbitration agreement". (RR: Vol. 3 at p. 34) This *independently* established the existence of the valid arbitration agreement. In Neatherlin Homes, Inc. v. Love, 2007 WL 700996 (Tex. App. — Corpus Christi-Edinburg 2007, orig. proceeding), because "[t]he plaintiff's arguments ... [did] not deny the existence

17

of [the arbitration] agreement", this Court concluded that "[the movant] has established the existence of a valid arbitration agreement", Id. at *3; see also In Re Frost National Bank, 2008 WL 4889836 at *2 (Tex. App. — Corpus Christi-Edinburg 2008, orig. proceeding) (the plaintiffs did not "deny the existence of the arbitration agreements at issue", and this Court concluded that "[the movant] has established a valid agreement to arbitrate").

In short, Hudson proved-up the arbitration agreement and Plaintiff neither denied its existence nor disputed its validity. Thus, the parties' valid arbitration agreement was established. In Re Oakwood Mobile Homes, 987 S.W.2d at 573; In Re Conseco Finance Serv. Corp., 19 S.W.3d 562, 569 (Tex. App. — Waco 2000, orig. proceeding); Love, 2007 WL 700996 at *3; In Re Frost National Bank, 2008 WL 4889836 at *2.

## C.
### The Plaintiff's Alleged Claim Falls Within The Scope Of The Arbitration Agreement

In determining whether a claim or claims falls within the scope of an arbitration agreement, the focus is on the factual allegations, not the labels assigned to the claims. Marshall, 909 S.W.2d at 900; In Re Profanchik, 31 S.W.3d at 385. Because Hudson established its valid arbitration agreement with the

18

Plaintiff, "the strong federal presumption in favor of arbitration" applies.[3] In Re Poly America, 262 S.W.3d at 348; In Re D. Wilson Const. Co., 196 S.W.3d at 782; In Re Profanchik, 31 S.W.3d at 385-386. Thus, courts "must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration". Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004). Accordingly, courts are to liberally construe an arbitration agreement in favor of arbitrability. Mitsubishi Motors Corp. v. Soler Chrysler/Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346 (1985); see Marshall, 909 S.W2d at 899; In Re Profanchik, 31 S.W.3d at 385-386.

Ultimately, because the federal policy favoring arbitration is "compelling", this Court and the Texas Supreme Court have recognized that "a court should not deny arbitration 'unless it can be said with positive assurance that an arbitration clause is not suspectible of an interpretation which would cover the dispute in issue'". In Re Profanchik, 31 S.W.3d at 386 (citing and quoting Marshall, 909 S.W.2d at 899 (*emphasis added*); Maverick Engineering, 2009 WL 1974757 at *5. And to that extent, even if there is any doubt that an interpretation supports the arbitrability of a claim, such doubt "**must** be resolved in favor of arbitration".

---

[3] When an arbitration agreement/provision is "broad", such as when arbitration is required of "any dispute arising between the parties" or "any controversy or claim arising out of or relating to the contract", the presumption of arbitrability is particularly potent. Maverick Engineering, Inc. v. Nadkarni, 2009 WL 1974757 at *5 (Tex. App. — Corpus Christi-Edinburg 2009, orig. proceeding) (Mem. Op.).

19

Marshall, 909 S.W.2d at 899; In Re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); In Re Profanchick, 31 S.W.3d at 385-386.

The case of Baumeister v. Reagan, 2013 WL 530976 (Tex. App. — Fort Worth 2013, no pet.) illustrates the effect of the liberal standards favoring arbitrability. There, because the appellate court acknowledged that the arbitrability of the claims was a "close" case, and that it must "defer on the side of arbitrability", it could *not* "say with positive assurance that [the plaintiffs'] claims [were] not arbitrable". Id. at *4-*6. Thus, the appellate court was compelled to hold that the claims were arbitrable and as such, it *reversed* the trial court's denial of arbitration. See id.

Here, the arbitration agreement/provision applies when there is "**a disagreement**" about "**any determination**" made by Hudson. (CR: 28-29, 78-79) (*emphasis added*) "Broad" arbitration clauses include those which are triggered when there is any dispute or controversy arising out of or relating to the contract in question. See Maverick Engineering, Inc. v. Nadkarni, 2009 WL 1974757 at *5 (Tex. App. — Corpus Christi-Edinburg 2009, orig. proceeding) (*Mem. Op.*); Love, 2007 WL 700996 at *4. The agreement here broadly requires arbitration when there is any "disagreement" about "any" determination made by Hudson; there is no limiting language. (CR: 28-29, 78-79)

20

In view of the language of the arbitration agreement and the liberal approach regarding arbitrability, the Plaintiff's allegations and claims unquestionably fall well within its scope. In its Original Petition, Plaintiff alleges that (a) it purchased the 2013 crop insurance policy from Hudson via the local agent CropGuard, (b) Hudson (and CropGuard) misinformed the Plaintiff about qualifying for the lower premium enterprise unit farming system, (c) the Plaintiff was allegedly "charged" a higher premium (by $25,000) for its insurance policy than it should have been, and (d) Plaintiff's alleged damages *solely* comprise the $25,000. (CR: 4-7) It is quite apparent that the Plaintiff attemped to plead around the parties' arbitration agreement, but *inevitably* and *necessarily*, Hudson made a premium "determination" such that it "charged" the premium/premium rate, and Plaintiff obviously disagreed with it; thus, this lawsuit. (CR: 4-7; RR: Vol. 3 at 14-16)

In fact, Hudson made two determinations — first, it determined whether Plaintiff qualified for the lower premium enterprise farming system; and second, it then determined the premium/premium rate which was ultimately charged. (CR: 4-7; CR: Vol. 2 at 91-92; RR: Vol. 3 at 14-16) Plaintiff's filing this lawsuit and seeking the premium amount which was allegedly overcharged ($25,000) is proof positive that it disagreed with a Hudson's determination, which means that its claim falls within the scope of the arbitration agreement. (CR: 4-7, 78-79) The Plaintiff cannot avoid the arbitration agreement by attempting to carefully confine

21

its claim to the alleged misinformation because until Hudson's premium detemination and the charging of the premium, the Plaintiff had no damage, no ripe claim, and thus, no lawsuit. (CR: 4-7; CR: Vol. 2 at 91-92; RR: Vol. 3 at 14-16)

Moreover, at the March 4, 2015 hearing, as Plaintiff's counsel explained it, Hudson denied its "premium subsidy" claim. (RR: Vol. 3 at 14-15) Again, Hudson does not agree with this characterization, but this further shows that Hudson necessarily made a determination regarding Plaintiff's premium with which Plaintiff obviously disagreed by filing this lawsuit. (RR: Vol. 3 at 14-16; CR: 4-7) At the hearing, counsel asserted that Plaintiff's claim is solely based on the alleged misinformation, but again, it is inescapable that until Hudson determined and charged the premium/premium rate, the Plaintiff had no damage and no ripe claim at all. Also, the Affidavit submitted by Plaintiff does not and cannot change this;[4] regardless of how the Plaintiff may have been allegedly misinformed regarding its planting, until the premium was charged (or subsidy denied per Plaintiff), Plaintiff did not sustain the alleged loss ($25,000) which it seeks in this case. (CR: Vol. 2 at 102-103)

In the Trial Court, Plaintiff's counsel *admitted* that Hudson made a determination regarding the charged premium/premium rate, but counsel then

---

[4] Also, as Hudson also pointed out, the Affiant's general testimony regarding his purported experience with farmers and the typical dispute "between the farmer and his or her crop insurance company" is entirely unrelated to the Plaintiff's alleged claim and thus, irrelevant. (CR: Vol. 2 at 115-116; see also CR: Vol. 2 at 102-103)

disingenuously asserted that Plaintiff does not disagree with that determination because it was dictacted by the prior alleged misinformation of planting in one unit (instead of two). (RR: Vol. 3 at 14-16) Contrary to basic common sense, this would mean that Plaintiff agreed with the determination, but not the results or consequences of it. Similarly, accepting the Plaintiff's argument would also mean that it *agreed* with Hudson's determination to charge the higher premium/premium rate (which Plaintiff asserts amounted to $25,000), but it filed this lawsuit anyway, seeking the higher amount ($25,000) as its alleged actual damages. (CR: 4-7) Naturally and sensibly, the import of *any* determination is the result or consequence of it; therefore, the common and plain meaning of the terms of the arbitration agreement dictate that Plaintiff obviously disagreed with a determination made by Hudson. See Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20, 23 (Tex. 2008) (undefined insurance policy terms are given their "ordinary and commonly understood meaning"); National Fire Union Ins. Co. v. CBI Indus. Ins. Co., 907 S.W.2d 517, 520 (Tex. 1995) (the plain meaning of the words/terms used are given effect)

Even further, the arbitration agreement contains no limitation on *when* the "determination" must be made, and likewise, contains no language that there is no "determination" if it is based on, dictated by, or preceded by the provision of alleged misinformation. (CR: 28-29, 78-79)

23

The fatal fallacy in Plaintiff's argument is that regardless of the alleged misinformation that was initially provided, if Hudson had subsequently determined to charge the lower premium, then there would have been no disagreement and no lawsuit. Hudson is not attempting to recast the Plaintiff's claim; rather, it is demonstrating that Plaintiff has not and cannot pen its way around the arbitration agreement and Hudson's inevitable "determination" regarding the Policy premium/premium rate — and Plaintiff manifestly disagreed with it by filing suit to seek the higher premium amount charged.

For obvious reasons, it is rarely argued that there is no "dispute" or disagreement despite a lawsuit, but another plaintiff unsuccessfully attempted to avoid arbitration by making the novel argument in Newpark Shipbuilding v. Rig Pan Producer, 267 F.Supp.2d 756 (S.D. Tex. 2003). In that case, the plaintiff ship repair company filed suit against a semi-submersible drilling rig *in rem* and its owner to recover payment for ship repairs and refurbishment. Id. at 757-758 Despite filing the lawsuit, the plaintiff asserted that there was no "dispute" to trigger arbitration because the defendants' obligations were clear; the Federal District Court's response is telling: *"[o]bviously, a lawsuit is a dispute"*. Id. at 758 (*emphasis added*)

Even beyond all of this, at the March 4, 2015 hearing, after Hudson's Motion had been on file for approximately *3½ months*, Plaintiff's counsel argued

24

that the case of <u>Nobles v. Rural Community Ins. Services</u>, 122 F.Supp.2d 1290 (M.D. Ala. 2000) was "dispositive". (RR: Vol. 3 at 16-18) Hudson then pointed out that the Court there *granted* the insurer's motion to compel arbitration and found that "the arbitration provision is mandatory". <u>Id</u>. at 1296; (CR: Vol. 2 at 93-95, 113) Also, as Hudson discussed in the Trial Court, the Federal District Court there considered the *former* version of the arbitration provision contained in a 1999 crop insurance policy which was *more narrow* than the current provision contained in Plaintiff's policy. <u>Id</u>. at 1292-1293. (CR: Vol. 2 at 94-96) The prior version addressed in <u>Nobles</u> stated as follows:

> "If you and we fail to agree on **any** *factual* **determination**, the disagreement will be resolved in accordance with the rules of the American Arbitration Association". <u>Id</u>. at 1293 (*emphasis added*)

In accordance with this more narrow version, the carrier's *factual determination* regarding whether 5,000 acres of the plaintiffs' land/crop was insurable and should have been included as a part of their claim, was ordered to arbitration.[5] <u>Id</u>. at 1295-1300.

---

[5] Because the <u>Nobles</u> case involved the former and more narrow version of the arbitration agreement, the "factual determination" was arbitrated and then the arbitration panel's findings and rulings were then applied to assess their preclusive effect on the plaintiffs' claims. 303 F.Supp.2d at 1298-1303.

The current arbitration agreement/provision — and the one contained in Plaintiff's 2013 policy — states that:

> "If you and we fail to agree on **any determination <u>made by us</u> [Hudson]** ... the disagreement ... <u>**must be resolved through arbitration**</u> in accordance with the rules of the American Arbitration Association ...." (CR: 78-79) (*emphasis added*)

These underscored language changes made to the current provision reflects the RMA's obvious intention to broaden the reach of the arbitration provision. See generally <u>Buckner Glass Mirror v. Pritchard</u>, 697 S.W.2d 712, 714 (Tex. App. — Corpus Christi 1985, no writ) (when a law is amended, it is presumed that a change was intended)

After the hearing, when the Plaintiff submitted its Supplemental Brief (CR: Vol. 2 at 104), it claimed that the following cases were/are also "dispositive with regard to defendant's motion", although the Courts there did not even address arbitration. See <u>Meyer v. Conlon</u>, 162 F.3d 1264, 1266-1275 (10th Cir. 1998) and <u>Williams Farms of Homestead v. Rain & Hail Ins. Services, Inc.</u>, 121 F.3d 630, 631-635 (11th Cir. 1997).

And then, in subsequent briefing, Plaintiff conceded that the <u>Nobles</u> case had been "mistakenly cited" and it then argued that another <u>Nobles</u> case, reported at 303 F.Supp.2d 1292, was actually the "dispositive" one. (CR: Vol. 2 at 118) But in that <u>Nobles</u> case, the Federal District Court did *not* even *address* whether the plaintiff's claims should be arbitrated; the arbitration had already been ordered and

26

completed, and the case was in a post-arbitration posture. 303 F.Supp.2d at 1294-1296.

Finally, it is also worth noting that in this insurer-insured context, Texas courts have recognized that *any* claim of an insured *"necessarily* arises from the contractual relationship between the parties". In Re American National Cty. Mut. Ins. Co., 384 S.W.3d 429, 438 (Tex. App. — Austin 2012, orig. proceeding) (*emphasis added*) When the nature of the parties' relationship is established and governed by an agreement, as is true here, "their disputes are more likely to fall within the scope of the arbitration provision". In Re Great Western Drilling, Ltd., 211 S.W.3d 828, 838 (Tex. App. — Eastland 2006, orig. proceeding) (citing Capital Income Properties – LXXX v. Blackmon, 843 S.W.2d 22 (Tex. 1992)).

In the Trial Court, Plaintiff did *not* contest that its claim is based on the Policy and arises from the parties' contractual relationship. (CR: Vol. 2 at 78-79, 106) As amply demonstrated above, despite the Plaintiff's crafting and labeling of its claim, the "gravaman" of its claim is that it was allegedly overcharged a premium by $25,000 (which inevitably, and as Plaintiff has admitted, occurred when Hudson determined the premium/premium rate which was then charged) and it seeks the $25,000 as damages. (CR: 4-7; RR: Vol. 3 at 14-16) See generally In Re Profanchik, 31 S.W.3d at 383-387 (although minority shareholder plaintiff's claims did not arise from the agreement containing the arbitration provision ["the

27

agreement"] and his ownership interest in the corporation was re-purchased pursuant to a separate letter agreement, because this Court found that the "gravaman" of his claims was that he had been wrongfully deprived of his ownership interest and the stock transfer of his interest was executed pursuant to the agreement, this Court held that the claims were arbitrable).

In summary, for all of the reasons outlined above, Plaintiff's alleged claim falls well within the scope of the parties' arbitration agreement. Certainly, in view of the compelling federal policy favoring arbitration, because there is an interpretation which supports the arbitrability of Plaintiff's claim, the Trial Court was *required* to order/compel arbitration. Marshall, 909 S.W.2d at 899; In Re Profanchik, 31 S.W.3d at 386; Maverick Engineering, 2009 WL 1974757 at *5. At an absolute minimum, even if this was/is a "close" case (*which it is not*), then an interpretation supporting arbitrability *necessarily* cannot be ruled-out, and the Trial Court was still *required* to order/compel arbitration. See e.g., Baumeister, 2013 WL 530976 at *4-*7

## II.
### *Independently*, Because The Plaintiff *Undisputably* Obtained Substantial Benefits Under Its 2013 Crop Year Policy, The Trial Court Inevitably Abused Its Discretion In Failing To Compel Arbitration Under The Direct Benefits Estoppel Doctrine

Because Hudson has amply demonstrated that the parties' valid arbitration agreement encompasses the Plaintiff's alleged claim, the Court need not reach this issue. But *independently*, because the evidence is *undisputed* that the Plaintiff sought and obtained very substantial benefits under its 2013 crop year policy ($347,289), the Trial Court inevitably abused its discretion by failing to properly apply the law of direct benefits estoppel and order/compel arbitration for this additional reason.

In In Re Weekley Homes, L.P., 180 S.W.3d 127 (Tex. 2005), the Texas Supreme Court established that under the direct benefits estoppel doctrine, even when a *non-signatory* to a contract obtains substantial benefits under a contract which contains an arbitration provision, that party *cannot* "equitably object" to the arbitration provision. Id. at 132-133. In that case, the adult child of the purchasers of a home sought meaningful repairs under the home purchase contract containing an arbitration provision: she successfully got the builder to make repairs; she was living in the home for a period of time; and she was reimbursed expenses which she allegedly incurred while the repairs were made. Id. at 132-133.

Subsequently, the plaintiff sued the homebuilder, alleging that she developed asthma due to the dust from the repair work. Id. at 129, 131-133. Notably, the plaintiff was *not* pursuing a claim under the home purchase contract, and the Texas Supreme Court recognized that her tort claim was independent of the contract. Id. at 132. Nevertheless, the Court *granted* mandamus relief and held that because the adult child sought and obtained substantial benefits under the contract, she "*cannot equitably object* to the arbitration clause [contained in the contract]". Id. at 133 (*emphasis added*) The Court succinctly recognized that a party "cannot have both his contract and defeat it too". Id. at 135

Similarly, in Rachal v. Reitz, 403 S.W.3d 840 (Tex. 2013), where the plaintiff accepted benefits under a trust and then sued to enforce its terms, the Texas Supreme Court held that "the doctrine of benefits estoppel applies to bar [the plaintiff's] claim that the arbitration provision in the trust is *invalid.*" Id. at 847 (*emphasis added*) The Court also recognized that "direct benefits estoppel … promote[s] fairness by holding a party to its position in the performance of an agreement …." Id. at 848

Here, in the Trial Court, Hudson proved through its Claims Processing Manager, Ms. Ammie Martinez, that under its 2013 crop year policy, Plaintiff reported and made multiple claims (7 claims) and Hudson paid the substantial sum of **$347,289** to the Plaintiff pursuant to those claims. (CR: Vol. 2 at 71-74)

30

Specifically, Ms. Martinez testified that Hudson paid the following amounts to the Plaintiff under the Policy (CR: Vol. 2 at 73):

| | | |
|---|---|---|
| • April 2, 2013: | $14,096.00; | Claim No. 12009917 |
| • June 10, 2013: | $15,227.00; | Claim No. 12009693 |
| • June 26, 2013: | $783.00; | Claim No. 12009693 |
| • July 12, 2013: | $103,405.00; | Claim No. 12010065 |
| • July 23, 2013: | $182,703.00; | Claim No. 12009744 |
| • October 8, 2013: | $648.00; | Claim No. 13005987 |
| • January 14, 2014: | $30,427.00; | Claim No. 13003927 |
| **Total:** | **$347,289.00** | |

*Plaintiff did not dispute this evidence.* (CR: Vol. 2 at 77-81, 102-110, 118-121)

Because the Plaintiff undisputably sought and obtained very substantial benefits under its 2013 crop year insurance policy, it *"cannot* equitably object" to the arbitration agreement/provision contained therein. In Re Weekley Homes, 180 S.W.3d at 133; Rachal, 403 S.W.3d at 847. Therefore, the Trial Court inevitably failed to properly apply the law of direct benefits estoppel to the undisputed evidence and thus, abused its discretion in failing to compel/order arbitration for this additional and independent reason. In Re D. Wilson Const. Co., 196 S.W.3d at 781.

## CONCLUSION AND PRAYER

Hudson established that its valid arbitration agreement with the Plaintiff encompasses its alleged claim. Therefore, the Trial Court erred in failing to order/compel arbitration. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003); In Re FirstMerit Bank, 52 S.W.3d at 753-754.

*Independently*, because the Plaintiff *undisputably* obtained very substantial benefits under its 2013 crop year policy, it "cannot equitably object" to the arbitration agreement/provision contained in the Policy. Therefore, the Trial Court inevitably failed to properly apply the law of direct benefits estoppel and thus, abused its discretion in failing to order/compel arbitration for this additional and independent reason.

For these reasons, this Court should reverse the Trial Court's Order denying Hudson Motion to Compel Arbitration and Motion to Stay and remand this case to the Trial Court for the entry of an Order which properly compels arbitration of Plaintiff's alleged claim against Hudson, and stays the underlying case/cause pending the arbitration of such claim.

Respectfully submitted,

**KELLY, SUTTER & KENDRICK, P.C.**


By: */s/ Steve E. Couch*

      **STEVE E. COUCH**
      scouch@ksklawyers.com
      State Bar No. 04875650
      **KEN E. KENDRICK**
      kkendrick@ksklawyers.com
      State Bar No. 11278500
      3050 Post Oak Blvd., Suite 200
      Houston, Texas 77056-6570
      713-595-6000 – Telephone
      713-595-6001 - Facsimile

**ATTORNEYS FOR APPELLANT
HUDSON INSURANCE COMPANY**


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, Appellant's counsel, Steve E. Couch, certifies that Appellant's Brief was computer-generated via a proportionally spaced typed-facing using Microsoft Word 2000 in 14 pt Times New Romans Font. This will further certify that, per the computer program, the total word count is 7,213. In accordance with Rule 9.4(i), the total word count does not include the identify of parties and counsel, table of contents, index of authorities, record references and party abbreviation, statement of jurisdiction, statement of the case, statement regarding oral argument, preamble and preliminary statement, issues presented, this certificate of compliance, certificate/proof of service, and Appellant's appendix.

                */s/ Steve E. Couch*
                **STEVE E. COUCH**

33

## CERTIFICATE OF SERVICE

This is to certify that on the <u>1st</u> day of May, 2015, a true and correct copy of this pleading/document/motion/instrument was served to counsel of record via as follows:

Mr. David Wood                                          *Via E-File and CM/RRR*
Attorney at Law
1317 East Quebec Avenue
McAllen, Texas 78539
Attorneys for Plaintiff


                                          */s/ Steve E. Couch*
                                          **STEVE E. COUCH**

34

NO. 13-15-00163-CV

IN THE THIRTEENTH COURT OF APPEALS

*HUDSON INSURANCE COMPANY, Appellant*
*v.*
*BVB PARTNERS, Appellee*

Appealed from the County Court at Law No. 4 of Hidalgo County, Texas
Cause No.:  CL-14-3125-D

APPENDIX TO BRIEF OF APPELLANT
HUDSON INSURANCE COMPANY

**STEVE E. COUCH**
State Bar No. 04875650
**KEN E. KENDRICK**
State Bar No. 11278500
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056-6570
Telephone:  (713) 595-6000
Facsimile:  (713) 595-6001

**ATTORNEYS FOR APPELLANT**
**HUDSON INSURANCE COMPANY**

# CONTENTS

## EXHIBIT/TAB

1.     Trial Court's March 17, 2015 Order Denying Hudson Insurance Company's Motion to Compel Arbitration and Motion to Stay

2.     Federal Arbitration Act (Sections: 9 U.S.C. § 1 - 9 U.S.C. § 6; 9 U.S.C. §16)

3.     Affidavit of Hudson's Mr. Dan Gasser with attached Declarations Pages and excerpts of Basic Provisions of Plaintiff's 2013 crop year policy (which contains the arbitration agreement/ provision between Hudson and Plaintiff)

4.     Affidavit of Hudson's Ms. Ammie Martinez (and exhibits thereto), which proves the substantial benefits obtained by Plaintiff under its 2013 crop year policy

# EXHIBIT "1"

Electronically Submitt
3/17/2015 2:08:34 F
Hidalgo County Clerks Offi

CAUSE NO. CL-14-3125-D

| | | |
|---|---|---|
| BVB PARTNERS | § | COUNTY COURT AT LAW |
| v. | § | NO. 4 |
| CROP GUARD GROUP, INC., and | | |
| HUDSON INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## ORDER DENYING DEFENDANT HUDSON INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY

The Court has considered defendant's motion to compel arbitration and motion to stay.

The Court finds that said motions should be denied, and it is therefore ordered that said motions are denied.

March
Signed on ~~February~~ __17__ , 2015.

_____
Judge Presiding

122

# EXHIBIT "2"

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 1

§ 1. "Maritime transactions" and "commerce" defined; exceptions to operation of title

Currentness

"Maritime transactions", as herein defined, means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; "commerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

**CREDIT(S)**
   (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (246)

9 U.S.C.A. § 1, 9 USCA § 1
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 2

§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

Currentness

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (2919)

9 U.S.C.A. § 2, 9 USCA § 2
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

End of Document            © 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 3

§ 3. Stay of proceedings where issue therein referable to arbitration

Currentness

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 670.)

Notes of Decisions (808)

9 U.S.C.A. § 3, 9 USCA § 3
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

---

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 4

§ 4. Failure to arbitrate under agreement; petition to United States court having jurisdiction
for order to compel arbitration; notice and service thereof; hearing and determination

Currentness

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 671; Sept. 3, 1954, c. 1263, § 19, 68 Stat. 1233.)

Notes of Decisions (1133)

9 U.S.C.A. § 4, 9 USCA § 4
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

United States Code Annotated
  Title 9. Arbitration (Refs & Annos)
    Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 5

§ 5. Appointment of arbitrators or umpire

Currentness

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

**CREDIT(S)**
  (July 30, 1947, c. 392, 61 Stat. 671.)

Notes of Decisions (101)

9 U.S.C.A. § 5, 9 USCA § 5
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

| United States Code Annotated |
| --- |
| Title 9. Arbitration (Refs & Annos) |
| Chapter 1. General Provisions (Refs & Annos) |

9 U.S.C.A. § 6

§ 6. Application heard as motion

Currentness

Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.

**CREDIT(S)**

(July 30, 1947, c. 392, 61 Stat. 671.)

Notes of Decisions (14)

9 U.S.C.A. § 6, 9 USCA § 6
Current through P.L. 113-296 (excluding P.L. 113-235, 113-287, and 113-291) approved 12-19-2014

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
Title 9. Arbitration (Refs & Annos)
Chapter 1. General Provisions (Refs & Annos)

9 U.S.C.A. § 16

§ 16. Appeals

Currentness

(a) An appeal may be taken from--

(1) an order--

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

CREDIT(S)

(Added Pub.L. 100-702, Title X, § 1019(a), Nov. 19, 1988, 102 Stat. 4670, § 15; renumbered Pub.L. 101-650, Title III, § 325(a)(1), Dec. 1, 1990, Stat. 5120.)

# EXHIBIT "3"

| | | |
|---|---|---|
| BVB PARTNERS | § | COUNTY COURT AT LAW |
| | § | |
| v. | § | NO.4 |
| | § | |
| CROPGUARD GROUP, INC. AND | § | |
| HUDSON INSURANCE COMPANY, | § | HIDALGO COUNTY, TEXAS |

## AFFIDAVIT OF DAN GASSER

| | |
|---|---|
| **STATE OF KANSAS** | § |
| | § |
| **COUNTY OF JOHNSON** | § |

**BEFORE ME**, the undersigned authority, on this day personally appeared Dan Gasser, who being by me duly sworn on oath deposed and stated as follows:

1. My name is Dan Gasser. I am over the age of eighteen (18) years, have never been convicted of any felony or crime involving moral turpitude, and I am fully competent to make this Affidavit.

2. I am a resident of the State of Missouri and the Senior Vice President of Hudson Insurance Company ("Hudson"). I have held this title/position since April, 2014. Prior to that, I was Senior Vice President of Marketing for Hudson Crop Insurance Services, Inc. ("Hudson Crop"), for 6 years. Hudson Crop is a corporation which was formed under the laws of the State of Delaware; its principal place of business is located in Overland Park, Kansas. Generally, Hudson Crop performs support-type services for Hudson with respect to Multiple Peril Crop Insurance ("MPCI") Policies. In these capacities, I have personal knowledge of the facts stated herein and the facts stated herein are true and correct.

3. Hudson is an insurance company/insurer which was formed under the laws of the State of Delaware. Hudson's principal place of business is located in the State of New York.

4. Hudson is an insurance company/insurer which is licensed in all 50 States. As such, Hudson issues and sells insurance policies in and throughout all States of the United States.

5. In approximately 2006, a sister company to Hudson, Clearwater Insurance Company, began issuing crop insurance policies – which are sometimes called Multiple Peril Crop Insurance ("MPCI") Policies. Hudson began issuing MPCI policies in 2010. Crop insurance is unique because of the Federal Government's involvement. Specifically, while the crop insurance policies are issued by Hudson on Hudson's paper, the basic crop policy provisions are drafted by the Risk Management Agency ("RMA"),

which was created by the United States Department of Agriculture. Also, the Federal Crop Insurance Corporation ("FCIC") reinsures crop insurance policies issued by providers which are approved by the RMA – referred to as "Approved Insurance Providers" ("AIP"). Hudson has been an RMA "AIP" since 2010.

6. Hudson issued a crop insurance policy to Plaintiff BVB Partners for the crop year 2013. The RMA drafted the basic policy provisions of the policy and the policy was then issued to the Plaintiff by Hudson on Hudson paper. The FCIC re-insured the policy.

7. One of the basic policy provisions which the RMA drafted was/is the provision which requires arbitration. The provision is contained in the Plaintiff's insurance policy contract for the crop year 2013. Specifically, the arbitration provision contained in the Plaintiff's policy for the crop year 2013 states that:

> "If you [the insured] and we [includes Hudson] fail to agree on any determination made by us ..., the disagreement may be resolved through mediation ..., or if you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association ...."

8. Hudson seeks arbitration under this provision.

9. Attached hereto as Exhibit "A" is a true and correct copy of the complete crop insurance policy which Hudson issued to Plaintiff BVB Partners for the crop year 2013, which includes the basic provisions (40 pages) and the arbitration provision (Paragraph/Section 20, p. 31-33 of the basic provisions part)

10. With regard to insurance premiums for the Plaintiff's policies, the premium rates were set by the RMA. This was also true for the crop year 2013. As to payment of the premiums, the Plaintiff made its premium payments directly to Hudson. In other words, the Plaintiff, from Texas, paid premiums to Hudson, in New York.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**DAN GASSER**

**SUBSCRIBED AND SWORN TO** before me on this _11th_ day of November, 2014, witness my hand and official seal of office.

| JAN ODOR |
| Notary Public - State of Kansas |
| My Appt. Expires _11/17/2016_ |

_____
Notary Public, State of _KANSAS_

Page 2 of 2

29

# EXHIBIT "A"



| Insured's Name, Mailing or Street Address and Other Contact Information | Agency Name and Agent Contact Information | Crop Year | Policy Number |
|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | **2013** | **48-595-1003702** |
| | | **State Code / Name** | |
| | | 48 | Texas |
| Phone: (956) 330-6129 Cell (956) 845-6682 Office<br>Email:<br>ID Type and Number: EIN XX-XXX1510<br>Person Type: Partnership<br>Authorized Representative: NONE | Phone: (956) 361-5550 Agency (956) 361-5550 Agent<br>Email: cclipson@cropguardgroup.com<br>Crop Insurance Specialist: Koshina DeLacy | Please retain a copy of the Declaration Page for your records, as this is a part of your Policy Provisions. | |
| Spouse's Name:<br><br>Spouse's ID Type and Number: | Power of Attorney: NONE | Assignment of Indemnity: | |

| County | Crop(s) Insured | Plan | Options* | Cov Level | Percent of Price Election** | Intended Use / Type | Coverage Status | Final Plant Date | Acreage Reporting Date | End of Insurance | Termination Date | Cancellation Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Designated County | | | | | | Practice | | | | | | |
| Hidalgo (215) | Corn (0041) | YP (01) | EU, YA | 85% | 100% | N/A | Renewal | 3/31/2013 | 5/15/2013 | 9/30/2013 | 1/31/2014 | 1/31/2013 |
| | Hidalgo | | | | | N/A | | | | | | |
| Hidalgo (215) | Cotton (0021) | YP (01) | EU, YA, SE | 85% | 100% | N/A | Renewal | 3/31/2013 | 5/15/2013 | 9/30/2013 | 1/31/2014 | 1/31/2013 |
| | Hidalgo | | | | | N/A | | | | | | |
| Hidalgo (215) | Grain Sorghum (0051) | YP (01) | YA | 75% | 100% | N/A | Renewal | 3/31/2013 | 5/15/2013 | 9/30/2013 | 1/31/2014 | 1/31/2013 |
| | Hidalgo | | | | | N/A | | | | | | |
| Hidalgo (215) | Sesame (0396) | APH (90) | YA | 75% | 100% | N/A | New | 6/15/2013 | 7/15/2013 | 12/10/2013 | 1/31/2014 | 1/31/2013 |
| | N/A | | | | | N/A | | | | | | |
| Hidalgo (215) | Onions (0013) | APH (90) | YA | 70% | 100% | N/A | Renewal | 11/15/2012 | 1/15/2013 | 5/20/2013 | 8/31/2013 | 8/31/2012 |
| | Hidalgo | | | | | N/A | | | | | | |
| Hidalgo (215) | Soybeans (0081) | YP (01) | YA | 65% | 100% | N/A | Renewal | 5/31/2013 | 7/15/2013 | 12/10/2013 | 1/31/2014 | 1/31/2013 |
| | Hidalgo | | | | | N/A | | | | | | |
| Hidalgo (215) | Sunflowers (0078) | YP (01) | YA | 65% | 100% | N/A | Renewal | 3/15/2013 | 5/15/2013 | 11/30/2013 | 3/15/2014 | 3/15/2013 |
| | Hidalgo | | | | | N/A | | | | | | |

Legend: * Options, Elections or Endorsements      *** Multiple dates are applicable for the crop listed. Please refer to the Actuarial Tables to determine the date that applies to your crop.
       ** Percentage Price Election, Projected Price or Amt. of Insurance     BFR = Beginning Farmer / Rancher

The application for crop insurance has been accepted by us and the policy shall be in effect for the crop year as specified above and shall continue for each succeeding crop year until cancelled or terminated as provided in the policy provisions.

Any premium(s) due to us under this policy will be deducted from any indemnity payments or other credits to you. For current crop year price information, contact your agent.

Please review this Policy Declaration in order to make certain the information is listed to your specifications. If you believe any of the information is incorrect, please contact your agent IMMEDIATELY.



307 (Rev. 09-2014)


**HUDSON** INSURANCE GROUP

7300 West 110th Street, Suite 400
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 11/06/2014

| Insured's Name | Agency & Agent Name | Crop Year | Policy Number |
|---|---|---|---|
| 8vb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 48-595-1003702 |

| County<br>Designated County | Crop(s) Insured | Plan | Options* | Cov Level | Percent of Price Election** | Intended Use / Type<br>Practice | Coverage Status | Final Plant Date | Acreage Reporting Date | End of Insurance | Termination Date | Cancellation Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hidalgo (215) | Wheat (0011)<br>Hidalgo | YP (01) | YA | 65% | 100% | N/A<br>N/A | Renewal | 1/15/2013 | 1/15/2013 | 10/31/2013 | 9/30/2013 | 9/30/2012 |

## SBI Information

| Name | Complete Address | Telephone Number | ID Type and Number | Person Type |
|---|---|---|---|---|
| Becky Bonham | Po Box 403<br>Hargill, TX 78549 | (956) 845-6682 | SSN XXX-XX-4530 | Individuals |
| Bruce Shields | Po Box 403<br>Hargill, TX 78549 | (956) 845-6682 | SSN XXX-XX-3874 | Individuals |
| Vicki Shields | Po Box 403<br>Hargill, TX 78549 | (956) 845-6682 | SSN XXX-XX-5701 | Individuals |

Legend: * Options, Elections or Endorsements
        ** Percentage Price Election, Projected Price or Amt. of Insurance

*** Multiple dates are applicable for the crop listed. Please refer to the Actuarial Tables to determine the date that applies to your crop.
BFR = Beginning Farmer / Rancher

The application for crop insurance has been accepted by us and the policy shall be in effect for the crop year as specified above and shall continue for each succeeding crop year until cancelled or terminated as provided in the policy provisions.

Any premium(s) due to us under this policy will be deducted from any indemnity payments or other credits to you. For current crop year price information, contact your agent.

Please review this Policy Declaration in order to make certain the information is listed to your specifications. If you believe any of the information is incorrect, please contact your agent IMMEDIATELY.



307 (Rev. 09-2014)

(vi) All other information that supports your request for a written agreement (such as publications regarding yields, practices, risks, climatic data, etc.); and

(3) Such other information as specified in the Special Provisions or required by FCIC;

(g) A request for a written agreement will not be accepted if:

(1) The request is submitted to us after the applicable deadline contained in sections 18(a) or (e);

(2) All the information required in section 18(f) is not submitted to us with the request for a written agreement (The request for a written agreement may be accepted if any missing information is available from other acceptable sources);

(3) The request is to add land to an existing written agreement or to add land to a request for a written agreement and the request to add the land is not submitted by the applicable deadline specified in sections 18(a) or (e); or

(4) The request is not authorized by the policy;

(h) A request for a written agreement will be denied if:

(1) FCIC determines the risk is excessive;

(2) Your APH history demonstrates you have not produced at least 50 percent of the transitional yield for the crop, type, and practice obtained from a county with similar agronomic conditions and risk exposure;

(3) There is not adequate information available to establish an actuarially sound premium rate and insurance coverage for the crop and acreage;

(4) The crop was not previously grown in the county or there is no evidence of a market for the crop based on sales receipts, contemporaneous feeding records or a contract for the crop (applicable only for counties without actuarial documents); or

(5) Agricultural experts or organic agricultural experts determine the crop is not adapted to the county;

(i) A written agreement will be denied unless:

(1) FCIC approves the written agreement;

(2) The original written agreement is signed by you and delivered to us, or postmarked, not later than the expiration date for you to accept the offer;

(3) We accept the written agreement offer; and

(4) The crop meets the minimum appraisal amount specified in section 18(e)(2)(i)(A)(*1*), if applicable;

(j) Multi-year written agreements may be canceled and requests for renewal may be rejected if the severity or frequency of your loss experience under the written agreement is significantly worse than expected based on the information provided by you or used to establish your premium rate and the loss experience of other crops with similar risks in the area;

(k) With respect to your and our ability to reject an offer for a written agreement:

(1) When a single Request for Actuarial Change form is submitted, regardless of how many requests for changes are contained on the form,

you and we can only accept or reject the written agreement in its entirety (you cannot reject specific terms of the written agreement and accept others);

(2) When multiple Request for Actuarial Change forms are submitted, regardless of when the forms are submitted, for the same condition or for the same crop (i.e., to insure corn on ten legal descriptions where there are no actuarial documents in the county or the request is to change the premium rates from the high-risk rates) all these forms may be treated as one request and you and we will only have the option of accepting or rejecting the written agreement in its entirety (you cannot reject specific terms of the written agreement and accept others);

(3) When multiple Request for Actuarial Change forms are submitted, regardless of when the forms are submitted, for the different conditions or for different crops, separate agreements may be issued and you and we will have the option to accept or reject each written agreement; and

(4) If we reject an offer for a written agreement approved by FCIC, you may seek arbitration or mediation of our decision to reject the offer in accordance with section 20;

(l) Any information that is submitted by you after the applicable deadlines in sections 18(a) and (e) will not be considered, unless such information is specifically requested in accordance with section 18(f)(3);

(m) If the written agreement or the policy is canceled for any reason, or the period for which an existing written agreement is in effect ends, a request for renewal of the written agreement must contain all the information required by this section and be submitted in accordance with section 18(a), unless otherwise specified by FCIC;

(n) If a request for a written agreement is not approved by FCIC, a request for a written agreement for any subsequent crop year that fails to address the stated basis for the denial will not be accepted (If the request for a written agreement contains the same information that was previously rejected or denied, you will not have any right to arbitrate, mediate or appeal the non-acceptance of your request); and

(o) If you disagree with any determination made by FCIC under section 18, you may obtain administrative review in accordance with 7 CFR part 400, subpart J or appeal in accordance with 7 CFR part 11, unless you have failed to comply with the provisions contained in section 18(g) or section 18(i)(2) or (4).

19. **Crops as Payment.**
You must not abandon any crop to us. We will not accept any crop as compensation for payments due us.

20. **Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review.**

(a) If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in

accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.

(1) All disputes involving determinations made by us, except those specified in section 20(d) or (e), are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC.

   (i) Any interpretation by FCIC will be binding in any mediation or arbitration.

   (ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award.

   (iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability.

   (iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.

(2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award. The statement must also include any amounts awarded for interest. Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. All agreements reached through settlement, including those resulting from mediation, must be in writing and contain at a minimum a statement of the issues in dispute and the amount of the settlement.

(b) Regardless of whether mediation is elected:

(1) The initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later;

(2) If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you will not be able to resolve the dispute through judicial review;

(3) If arbitration has been initiated in accordance with section 20(b)(1) and completed, and judicial review is sought, suit must be filed not later than one year after the date the arbitration decision was rendered; and

(4) In any suit, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or

procedure, an interpretation must be obtained from FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC. Such interpretation will be binding.

(c) Any decision rendered in arbitration is binding on you and us unless judicial review is sought in accordance with section 20(b)(3). Notwithstanding any provision in the rules of the AAA, you and we have the right to judicial review of any decision rendered in arbitration.

(d) With respect to good farming practices:

(1) We will make decisions regarding what constitutes a good farming practice and determinations of assigned production for uninsured causes for your failure to use good farming practices.

   (i) If you disagree with our decision of what constitutes a good farming practice, you must request a determination from FCIC of what constitutes a good farming practice before filing any suit against FCIC.

   (ii) If you disagree with our determination of the amount of assigned production, you must use the arbitration or mediation process contained in this section.

   (iii) You may not sue us for our decisions regarding whether good farming practices were used by you.

(2) FCIC will make determinations regarding what constitutes a good farming practice. If you do not agree with any determination made by FCIC:

   (i) You may request reconsideration by FCIC of this determination in accordance with the reconsideration process established for this purpose and published at 7 CFR part 400, subpart J; or

   (ii) You may file suit against FCIC.

      (A) You are not required to request reconsideration from FCIC before filing suit.

      (B) Any suit must be brought against FCIC in the United States district court for the district in which the insured acreage is located.

      (C) Suit must be filed against FCIC not later than one year after the date:

         *(1)* Of the determination; or

         *(2)* Reconsideration is completed, if reconsideration was requested under section 20(d)(2)(i).

(e) Except as provided in sections 18(n) or (o), or 20(d) or (k), if you disagree with any other determination made by FCIC or any claim where FCIC is directly involved in the claims process or directs us in the resolution of the claim, you may obtain an administrative review in accordance with 7 CFR part 400, subpart J (administrative review) or appeal in accordance with 7 CFR part 11 (appeal).

(1) If you elect to bring suit after completion of any appeal, such suit must be filed against FCIC not later than one year after the date of the decision rendered in such appeal.

(2) Such suit must be brought in the United States

# EXHIBIT "4"

| BVB PARTNERS | § | COUNTY COURT AT LAW |
|---|---|---|
| | § | |
| v. | § | NO. 4 |
| | § | |
| CROPGUARD GROUP, INC. AND | § | |
| HUDSON INSURANCE COMPANY, | § | HIDALGO COUNTY, TEXAS |

## AFFIDAVIT OF AMMIE MARTINEZ

**STATE OF KANSAS** § 

§

**COUNTY OF JOHNSON** §

**BEFORE ME**, the undersigned authority, on this day personally appeared Ammie Martinez, who being by me duly sworn on oath deposed and stated as follows:

1. My name is Ammie Martinez. I am over the age of eighteen (18) years, have never been convicted of any felony or crime involving moral turpitude, and I am fully competent to make this Affidavit.

2. I am a resident of the State of Kansas. I have been a Claims Processing Manager for Hudson Insurance Company ("Hudson") in the crop insurance division for over five (5) years. Crop insurance policies are issued by Hudson, including the crop insurance policies which Hudson issued to BVB Partners for the crop years 2008 through crop year 2013.

3. When I refer to crop insurance policies herein, I will be referring to crop insurance policies which Hudson issued to BVB Partners.

4. As a Claims Processing Manager for Hudson, I handle and oversee claims submitted by insureds of Hudson, including claims reported and submitted by insureds under crop insurance policies issued by Hudson. To that extent, once a claim is reported and received, once the intake information is received and a claim is set up by an adjuster of Hudson, as a Claims Processing Manager, I then get involved in the evaluation and processing of the claim. As a part of that, my duties and responsibilities include evaluating the claim, determining whether the claim should be paid and if so, how much should be paid pursuant to the claim. Also, as a Claims Processing Manager for Hudson, there are occasions when I review an insured's claim history to obtain information regarding claims submitted by insureds, when the claims were reported, and the disposition of those claims, including, whether the claim was paid,

when it was paid, and how much was ultimately paid to the insured on the claim(s).

5. As a Claims Processing Manager for Hudson and in my capacity as a Claims Processing Manager for Hudson I have personal knowledge of the facts stated herein and the facts stated herein are true and correct.

6. I have reviewed the claims history of BVB Partners under the crop insurance policies which Hudson issued to it for the crop years stated above. I found that, as reflected in the records attached hereto (discussed below), the Plaintiff filed claims under its crop insurance policy which Hudson issued to it for the crop years 2012 and 2013. As stated below, BVB Partners was paid by Hudson on claims which it submitted under its crop insurance policies issued by Hudson for the crop years 2012 and 2013.

7. Under its crop insurance policy for the year 2012, BVB Partners reported and made a number of claims. On the following dates, claims were reported and were given the claim numbers identified below:

- March 21, 2012:      Claim No. 12000306
- July 9, 2012:      Claim No. 12002393
- July 9, 2012:      Claim No. 12002392
- August 29, 2012:      Claim No. 12004425
- August 29, 2012:      Claim No. 12004424

8. As to all of BVB Partners' claims under its crop year 2012 crop insurance policy (identified above), after applying any credits for owed premium under such policy, on the dates indicated below, Hudson issued checks payable BVB Partners in the amounts shown below in reference to and in payment to BVB Partners on the claims identified below:

- August 20, 2012:   $1,476.00;  Claim No. 12000306
- October 19, 2012:  $23,396.00;  Claim No. 12002393
- January 4, 2013:   $26,262.00;  Claim No. 12004424
- January 4, 2013:   $51,200.00;  Claim No. 12004425

As to Claim No. 12002392, after a credit was applied in the amount of $38.392.00 for owed premium, no net amount was owed to BVB Partners under this claim.

(A true and correct copy of the Notice of Prevented Planting or Damage or Loss, and a true and correct copy of Loss Statements, which collectively outline and provide the basic information

72

regarding the above identified claims and the payment of those claims by Hudson to BVB Partners are collectively attached hereto as Exhibit "1")

9.    Under its crop insurance policy for the crop year 2013, BVB Partners reported and made a number of claims. On the following dates, claims were reported and were given the claim numbers identified below:

- October 25, 2012:    Claim No. 12009917
- March 4, 2013:    Claim No. 12009693
- March 13, 2013:    Claim No. 12009744
- April 13, 2013:    Claim No. 12010065
- April 13, 2013:    Claim No. 12010066
- April 13, 2013:    Claim No. 13003927
- September 6, 2013:    Claim No. 13005987

10.    As to all of BVB Partners' claims under its crop year 2013 crop insurance policy (identified above), after applying any credits for owed premium under such policy, on the dates indicated below, Hudson issued checks payable BVB Partners in the amounts shown below in reference to and in payment to BVB Partners on the claims identified below:

- April 2, 2013:    $14,096.00;    Claim No. 12009917
- June 10, 2013:    $15,227.00;    Claim No. 12009693
- June 26, 2013:    $783.00;    Claim No. 12009693
- July 12, 2013:    $103,405.00;    Claim No. 12010065
- July 23, 2013:    $182,703.00;    Claim No. 12009744
- October 8, 2013:    $648.00;    Claim No. 13005987
- January 14, 2014:    $30,427.00;    Claim No. 13003927

As to Claim No. 12010066, initially, due to the premium owed, no net amount was payable to BVB Partners on this claim;

(A true and correct copy of the Notice of Prevented Planting or Damage or Loss, and a true and correct copy of Loss Statements, which collectively outline and provide the basic information regarding the above identified claims and the payment of those claims by Hudson to BVB Partners are collectively attached hereto as Exhibit "2")

11.    Based on the amounts set forth above, under its crop insurance policy for the crop year 2012, BVB Partners was paid the total amount of $102,334.00 for claims which it reported and made. Also, under its crop insurance policy for the crop year 2013, BVB

Partners was paid the total amount of $347,289 for claims which it reported and made under such 2013 crop year insurance policy.

**FURTHER AFFIANT SAYETH NOT.**

*Ammie Martinez*
**AMMIE MARTINEZ**

**SUBSCRIBED AND SWORN TO** before me on this 3rd day of February, 2015, witness my hand and official seal office.

JAN ODOR
Notary Public - State of Kansas
My Appt. Expires 11/17/2016

Notary Public in and for
The State of Kansas

Page 4 of 4

74

# EXHIBIT "1"



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | **2012** | **12002393** | **48-595-1003701** |

**State Code / Name:** 48 — Texas

| | |
|---|---|
| Phone: (956) 330-6129 Cell   (956) 845-6682 Office<br>Email:<br>**Authorized Representative:** NONE<br>**Power of Attorney:** NONE<br>**Best time to contact insured:** | Phone: (956) 361-5550 Agency (956) 361-5550 Agent<br>Email: cclipson@cropguardgroup.com |

**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Leal

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes  ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.
☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Willacy (489)     **Crop:** Grain Sorghum     **Date Reported:** 7/9/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 7/9/2012 | |

**Insured's Intention (check one):**
☒ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes   ☐ No

**County:**     **Crop:**     **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes   ☐ No

**County:**     **Crop:**     **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes   ☐ No

**Remarks:**
contact#(956)845-6682

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)



 

# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Leal | **2012** | **12002393** | **48-595-1003701** |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at
http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.

M911 (Rev. 03-2014)



# Loss Statement

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 10/19/2012

 HUDSON

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group, Inc. (17-663)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2012 | 12002393 | 48-595-1003701 |

| | | | | Original Paid Date | State Code / Name |
|---|---|---|---|---|---|
| | | | | 11/1/2011 | 48 Texas |
| | | | | Revised Paid Date | County Code / Name |
| | | | | | 489 Willacy |

| Crop / Plan<br>Type / Practice | Unit Number / Options | | | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Grain Sorghum / YP | 0001-0002 OU / YA | | | 66.00 | 11 / 100% | | | NS / H | 187.08 | $5.81 | 797.40 | $7,714.52 | $7,715.00 |
| No Type Specified / Ibr (Non-Irrigated) | | 4792 | West Windmill T4781 Blk4 | 100% | | | | | $12,347.41 | N/A | $4,632.89 | | |
| Grain Sorghum / YP | 0001-0003 OU / YA | | | 177.60 | 11 / 100% | | | NS / H | 215.55 | $5.81 | 801.80 | $33,623.40 | $33,623.00 |
| No Type Specified / Ibr (Non-Irrigated) | | 4792 | Windmill t4781 Blk 5 | 100% | | | | | $38,281.86 | N/A | $4,658.46 | | |
| Grain Sorghum / YP | 0001-0005 OU / YA | | | 73.00 | 11 / 100% | | | NS / H | 187.08 | $5.81 | 816.80 | $8,911.38 | $8,911.00 |
| No Type Specified / Ibr (Non-Irrigated) | | 4792 | Toby T73 T74 | 100% | | | | | $13,656.99 | N/A | $4,745.61 | | |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars
POL (Rev. 12-2011)



HUDSON
INSURANCE GROUP

# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 10/19/2012

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group, Inc. (17-663) C Casey Clipson (2080) | 2012 | 12002393 | 48-595-1003701 |

| Stage Codes: | Cause of Loss Codes: | | | |
|---|---|---|---|---|
| P2 = Prevented Plant with Standard Coverage | 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| PF = Prevented Plant with Standard Coverage + 5% | 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| PT = Prevented Plant with Standard Coverage + 10% | 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| H = Harvested | 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| UH = Unharvested | 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| R = Replant | 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 1 = Stage I | 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 2 = Stage II | 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 3 = Stage III | 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 4 = Stage IV | 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $50,249.00 |
| | |
| Original Loss Amount | $50,249.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$50,249.00** |
| | |
| **Previous Transactions** | |
| Previous Paid Amounts | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$50,249.00** |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $26,853.00 |
| **Check Amount** | **$23,396.00** |

Processed Batch: 547 On 10-19-2012, Check# 2554

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

Page 2 of 2



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2012 | 12000306 | 48-595-1003702 |

**State Code / Name:** 48   Texas

**Phone:** (956) 330-6129 Cell (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Guajardo

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.
☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Hidalgo (215)    **Crop:** Grain Sorghum    **Date Reported:** 3/21/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  | Wind/Excess Wind | 3/21/2012 |  |

**Insured's Intention (check one):**
☒ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit? ☐ Yes ☐ No

**County:**    **Crop:**    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**Insured's Intention (check one):**
☐ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit? ☐ Yes ☐ No

**County:**    **Crop:**    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**Insured's Intention (check one):**
☐ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit? ☐ Yes ☐ No

**Remarks:**
contact # 956-845-6682

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Guajardo | 2012 | 12000306 | 48-595-1003702 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity. Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

## Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C., 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

## Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

## Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



M911 (Rev. 03-2014)


# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 08/20/2012

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group, Inc. (17-663)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2012 | 12000306 | 48-595-1003702 |

| Original Paid Date | State Code / Name | |
|---|---|---|
| 9/21/2011 | 48 | Texas |

| Revised Paid Date | County Code / Name | |
|---|---|---|
| | 215 | Hidalgo |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description* | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause % | 2nd Cause % | 3rd Cause % | MIC Code / Stage | GPA**<br>Loss Guarantee | Price<br>Hvst Price | PTC UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0002 OU / YA | | | 36.30 | 93 / 100% | | | / R | 40.67 | $5.81 | 0.00 | $0.00 | $1,476.00 |
| No Type Specified / Irrigated | | 23510 | Johnny Triangle T-3334 | 100% | | | | | $1,476.32 | N/A | $0.00 | | |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $1,476.00 |
| | |
| Original Loss Amount | $1,476.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $1,476.00 |
| | |
| Previous Transactions | |
| Previous Paid Amounts | $1,476.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $0.00 |
| | |
| Current Disbursements | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| Check Amount | $1,476.00 |

Processed Batch: 371 On 08-20-2012, Check# 1423

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

Page 1 of 1



**HUDSON**
INSURANCE GROUP

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2012 | 12002392 | 48-595-1003702 |

| | | State Code / Name | |
|---|---|---|---|
| | | 48 | Texas |

**Phone:** (956) 330-6129 Cell  (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Leal

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

**Check one:**  ☐ This is a notice of prevented planting.   ☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☒ This is a notice of probable loss.   ☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Hidalgo (215)     **Crop:** Grain Sorghum     **Date Reported:** 7/9/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 7/9/2012 | |

**Insured's Intention (check one):**
☒ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

**County:**     **Crop:**     **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

**County:**     **Crop:**     **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

**Remarks:**
contact# (956)845-6682

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)



# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015



| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Leal | 2012 | 12002392 | 48-595-1003702 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this? ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)

To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



 **HUDSON**

# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 10/12/2012

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group, Inc. (17-663)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2012 | 12002392 | 48-595-1003702 |

| | | Original Paid Date | State Code / Name | |
|---|---|---|---|---|
| | | | 48 | Texas |
| | | Revised Paid Date | County Code / Name | |
| | | | 215 | Hidalgo |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA Loss Guarantee | Price Hvst Price | PTC - DOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Grain Sorghum / YP | 0001-0003 OU / YA | | | 25.00 | | | | | 361.96 | $5.81 | 1,541.80 | | |
| No Type Specified / Irrigated | | 23151 / 23510 | Ochard Fletcher T-137069 Orchard & Fletcher T 3051 | 100% | 11 / 100% | | | NS / H | $9,049.08 | N/A | $8,957.86 | $91.22 | $91.00 |
| Grain Sorghum / YP | 0001-0029 OU / YA | | | 18.40 | | | | | 325.36 | $5.81 | 178.60 | | |
| No Type Specified / Irrigated | | 24426 | Catman T-134797 | 100% | 11 / 100% | | | NS / H | $5,986.62 | N/A | $1,037.67 | $4,948.95 | $4,949.00 |
| Grain Sorghum / YP | 0001-0030 OU / YA | | | 243.00 | | | | | 142.35 | $5.81 | 213.00 | | |
| No Type Specified / Ibr (Non-Irrigated) | | 25101 | Esau 250 T-9404 | 100% | 11 / 100% | | | NS / H | $34,589.84 | N/A | $1,237.53 | $33,352.31 | $33,352.00 |

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 10/12/2012

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group, Inc. (17-663) C Casey Clipson (2080) | 2012 | 12002392 | 48-595-1003702 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $38,392.00 |
| | |
| Original Loss Amount | $38,392.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$38,392.00** |
| | |
| **Previous Transactions** | |
| Previous Paid Amounts | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$38,392.00** |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $38,392.00 |
| **Check Amount** | **$0.00** |

Processed Batch: 514 On 10-12-2012

---

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2012 | 12004424 | 48-595-1003702 |

| State Code / Name | |
|---|---|
| 48 | Texas |

Phone: (956) 330-6129 Cell  (956) 845-6682 Office
Email:
Authorized Representative: NONE
Power of Attorney: NONE
Best time to contact Insured:

Phone: (956) 361-5550 Agency (956) 361-5550 Agent
Email: cclipson@cropguardgroup.com

Claims Supervisor: Ben Hanawa
Adjuster: Juan Leal

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes  ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.

☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why: _____

County: Hidalgo (215)     Crop: Cotton     Date Reported: 8/29/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  | Drought | 8/29/2012 |  |

**Insured's Intention (check one):**
☒ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

County:     Crop:     Date Reported:

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**Insured's Intention (check one):**
☐ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

County:     Crop:     Date Reported:

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**Insured's Intention (check one):**
☐ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes  ☐ No

**Remarks:**
contact#(956)845-6682

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Leal | 2012 | 12004424 | 48-595-1003702 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity. Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



M911 (Rev. 03-2014)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 01/04/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group, Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2012 | 12004424 | 48-595-1003702 |

| | | Original Paid Date | State Code / Name |
|---|---|---|---|
| | | | 48 | Texas |
| | | Revised Paid Date | County Code / Name |
| | | | 215 | Hidalgo |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MIC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cotton / YP | 0001-0014 OU / YA, SE | | | 141.90 | 11 / 100% | | | | 131.95 | $0.91 | 6,281.00 | | |
| No Type Specified / Non-Irrigated | | 23144 | t-11329<br>134098<br>137259 | 100% | | | | NS / H | $18,723.71 | N/A | $5,715.71 | $13,008.00 | $13,008.00 |
| Cotton / YP | 0001-0014 OU / SE, YA | | | 141.90 | 11 / 100% | | | | 22.99 | $0.11 | 9,057.00 | | |
| No Type Specified / Non-Irrigated | | 23144 | t-11329<br>134098<br>137259 | 100% | | | | NS / H | $3,262.28 | N/A | $996.27 | $2,266.01 | $2,266.00 |
| Cotton / YP | 0001-0029 OU / YA, SE | | | 105.00 | 11 / 100% | | | | 149.24 | $0.91 | 6,932.00 | | |
| No Type Specified / Non-Irrigated | | 25782 | TR 3952 | 100% | | | | NS / H | $15,670.20 | N/A | $6,308.12 | $9,362.08 | $9,362.00 |
| Cotton / YP | 0001-0029 OU / SE, YA | | | 105.00 | 11 / 100% | | | | 25.96 | $0.11 | 9,996.00 | | |
| No Type Specified / Non-Irrigated | | 25782 | TR 3952 | 100% | | | | NS / H | $2,725.80 | N/A | $1,099.56 | $1,626.24 | $1,626.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars
POL (Rev. 12-2011)

# Loss Statement

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.



Print Date: 01/04/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group, Inc. (48-008)<br>C Casey Clipson (2080) | 2012 | 12004424 | 48-595-1003702 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | |
|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Polebum |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| **Total Indemnity** | $26,262.00 |
| | |
| Original Loss Amount | $26,262.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | $26,262.00 |
| | |
| **Previous Transactions** | |
| Previous Paid Amounts | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | $26,262.00 |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| **Check Amount** | $26,262.00 |

Processed Batch: 785 On 01-04-2013, Check# 5069

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



**HUDSON**

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2012 | 12004425 | 48-595-1003701 |

| | | State Code / Name | |
|---|---|---|---|
| | | 48 | Texas |

**Phone:** (956) 330-6129 Cell  (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com

**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Leal

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

**Check one:**   ☐ This is a notice of prevented planting.   ☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☒ This is a notice of probable loss.   ☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Willacy (489)        **Crop:** Cotton        **Date Reported:** 8/29/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 8/29/2012 | |

**Insured's Intention (check one):**
☒ To harvest    ☐ To chop/silage    ☐ Leave for cover    ☐ Destroy    ☐ Plant to another crop    ☐ Pasture    ☐ Hay
☐ Crop will be direct marketed    ☐ Replant    ☐ Unknown at this time    ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**County:**        **Crop:**        **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest    ☐ To chop/silage    ☐ Leave for cover    ☐ Destroy    ☐ Plant to another crop    ☐ Pasture    ☐ Hay
☐ Crop will be direct marketed    ☐ Replant    ☐ Unknown at this time    ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**County:**        **Crop:**        **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest    ☐ To chop/silage    ☐ Leave for cover    ☐ Destroy    ☐ Plant to another crop    ☐ Pasture    ☐ Hay
☐ Crop will be direct marketed    ☐ Replant    ☐ Unknown at this time    ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**Remarks:**
contact#(956)845-6682

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)



 HUDSON

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Leal | 2012 | 12004425 | 48-595-1003701 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.





# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

HUDSON

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 01/04/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group, Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2012 | 12004425 | 48-595-1003701 |

| | | Original Paid Date | State Code / Name | |
|---|---|---|---|---|
| | | | 48 | Texas |
| | | Revised Paid Date | County Code / Name | |
| | | | 489 | Willacy |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cotton / YP | 0001-0001 OU / YA, SE | | | 211.60 | 11 / 100% | | | NS / H | 215.67 | $0.91 | 16,157.00 | $30,932.90 | $30,933.00 |
| No Type Specified / Non-Irrigated | | 4792 | Ogden T4779,T4236 ,T4780 | 100% | | | | | $45,635.77 | N/A | $14,702.87 | | |
| Cotton / YP | 0001-0001 OU / SE, YA | | | 211.60 | 11 / 100% | | | NS / H | 37.51 | $0.11 | 23,298.00 | $5,374.34 | $5,374.00 |
| No Type Specified / Non-Irrigated | | 4792 | Ogden T4779,T4236 ,T4780 | 100% | | | | | $7,937.12 | N/A | $2,562.78 | | |
| Cotton / YP | 0001-0004 OU / YA, SE | | | 68.00 | 11 / 100% | | | NS / H | 215.67 | $0.91 | 3,496.00 | $11,484.20 | $11,484.00 |
| No Type Specified / Non-Irrigated | | 4792 | Nelda T4205 | 100% | | | | | $14,665.56 | N/A | $3,181.36 | | |
| Cotton / YP | 0001-0004 OU / SE, YA | | | 68.00 | 11 / 100% | | | NS / H | 37.51 | $0.11 | 5,041.00 | $1,996.17 | $1,996.00 |
| No Type Specified / Non-Irrigated | | 4792 | Nelda T4205 | 100% | | | | | $2,550.68 | N/A | $554.51 | | |
| Cotton / YP | 0001-0010 OU / YA, SE | | | 30.00 | 11 / 100% | | | NS / H | 466.83 | $0.91 | 14,012.00 | $1,253.98 | $1,254.00 |
| No Type Specified / Irrigated | | 999 | EVA GURRERO | 100% | | | | | $14,004.90 | N/A | $12,750.92 | | |
| Cotton / YP | 0001-0010 OU / SE, YA | | | 30.00 | 11 / 100% | | | NS / H | 81.40 | $0.11 | 20,205.00 | $219.45 | $219.00 |
| No Type Specified / Irrigated | | 999 | EVA GURRERO | 100% | | | | | $2,442.00 | N/A | $2,222.55 | | |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

Page 1 of 2



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 01/04/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group, Inc. (48-008)<br>C Casey Clipson (2080) | 2012 | 12004425 | 48-595-1003701 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Polebum |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $51,260.00 |
| | |
| Original Loss Amount | $51,260.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$51,260.00** |
| | |
| **Previous Transactions** | |
| Previous Paid Amounts | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$51,260.00** |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $60.00 |
| **Check Amount** | **$51,200.00** |

Processed Batch: 783 On 01-04-2013, Check# 5045

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# EXHIBIT "2"



# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2013 | 12009917 | 48-595-1007079 |

| | | State Code / Name | |
|---|---|---|---|
| Phone: (956) 330-6129 Cell (956) 845-6682 Office<br>Email:<br>Authorized Representative: NONE | Phone: (956) 361-5550 Agency (958) 361-5550 Agent<br>Email: cclipson@cropguardgroup.com | 48 | Texas |

**Phone:** (956) 330-6129 Cell (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (958) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Guajardo

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.
☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Hidalgo (215)  **Crop:** Early & Midseason Oranges  **Date Reported:** 10/25/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Freeze | 10/25/2012 | |

**Insured's Intention (check one):**
☒ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain): 

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**County:** Hidalgo (215)  **Crop:** Rio Red & Star Ruby  **Date Reported:** 10/25/2012

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Freeze | 10/25/2012 | |

**Insured's Intention (check one):**
☒ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain): 

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**County:**   **Crop:**   **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest ☐ To chop/silage ☐ Leave for cover ☐ Destroy ☐ Plant to another crop ☐ Pasture ☐ Hay
☐ Crop will be direct marketed ☐ Replant ☐ Unknown at this time ☐ Other (Explain): 

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**Remarks:**
Contact #956-845-6682

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

M911 (Rev. 03-2014)   See Last Page of Notice of Prevented Planting or Damage or Loss for Required Statements



Page 1 of 2

33


HUDSON

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Guajardo | 2013 | 12009917 | 48-595-1007079 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?  ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derivec therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at
http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



 HUDSON

# Loss Statement

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 04/02/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12009917 | 48-595-1007079 |

| Original Paid Date | State Code / Name |
|---|---|
| | 48  Texas |

| Revised Paid Date | County Code / Name |
|---|---|
| | 215  Hidalgo |

| Crop / Plan Type / Practice | Unit Number / Options Legal Description | PSA / Tract / Field # | Farm Name | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC UOM | Deficiency | Indemnity $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Early & Midseason Oranges / APH | 0001-0001 BU / YA | | | 4.70 | 42 / 100% | | | NS / 2 | 8.06 | $145.00 | 25.24 | $12.70 | $1,842.00 |
| Fresh / Irrigated | | 23510 | LT 9,15,16 BLK 46 | 100% | | | | | 37.90 | N/A | $0.00 | | |
| Rio Red & Star Ruby / APH | 0003-0001 BU | | | 7.00 | 42 / 100% | | | NS / 2 | 13.39 | $220.00 | 37.96 | $55.70 | $12,254.00 |
| Fresh / Irrigated | | 23510 | LT 9,15,16 BLK 46 | 100% | | | | | 93.70 | N/A | $0.00 | | |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $14,096.00 |
| Original Loss Amount | $14,096.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$14,096.00** |
| **Previous Transactions** | |
| Previous Paid Amounts | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$14,096.00** |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| **Check Amount** | **$14,096.00** |

Processed Batch: 1031 On 04-02-2013, Check# 7249

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

Page 1 of 1

35



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1871

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2013 | 12009744 | 48-595-1003702 |

| | | State Code / Name | |
|---|---|---|---|
| | | 48 | Texas |

**Phone:** (956) 330-6129 Cell  (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Juan Guajardo

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes  ☐ No

**Check one:**
☒ This is a notice of prevented planting.
☐ This is a notice of probable loss.

☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why:_____

**County:** Hidalgo (215)          **Crop:** Cotton          **Date Reported:** 3/13/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Failure of Irrigation Supply | 3/13/2013 | |

**Insured's Intention (check one):**
☐ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☒ Other (Explain): Prevented Planting

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County:** Hidalgo (215)          **Crop:** Corn          **Date Reported:** 3/13/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Failure of Irrigation Supply | 3/13/2013 | |

**Insured's Intention (check one):**
☐ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☒ Other (Explain): Prevented Planting

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County:**          **Crop:**          **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest     ☐ To chop/silage     ☐ Leave for cover     ☐ Destroy     ☐ Plant to another crop     ☐ Pasture     ☐ Hay
☐ Crop will be direct marketed     ☐ Replant     ☐ Unknown at this time     ☐ Other (Explain):_____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**Remarks:**
Contact # 956-845-6682 Contact # 956-845-6682

---

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Juan Guajardo | 2013 | 12009744 | 48-595-1003702 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?  ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.

M911 (Rev. 03-2014)




# Loss Statement

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12009744 | 48-595-1003702 |

| Original Paid Date | State Code / Name |
|---|---|
| 1/26/2012 | 48  Texas |

| Revised Paid Date | County Code / Name |
|---|---|
|  | 215  Hidalgo |

| Crop / Plan | Unit Number / Options | | | Acres | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** | Price | PTC - UOM | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type / Practice | Legal Description * | FSA / Tract / Field # | Farm Name | Share | | | | | Loss Guarantee | Hvst Price | $ | | |
| Corn / YP | 0001-0028 EU / YA | | | 25.90 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $6,440.00 |
| Grain / Irrigated | | 6974 / 10718 / 1 | Swanson T-10718 | 100% | | | | | $6,440.06 | N/A | $0.00 | | |
| Corn / YP | 0001-0015 EU / YA | | | 5.00 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $1,243.00 |
| Grain / Irrigated | | 22800 / 10970 / 1 | Hicks T-10970 | 100% | | | | | $1,243.26 | N/A | $0.00 | | |
| Corn / YP | 0001-0040 EU / YA | | | 107.10 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $26,631.00 |
| Grain / Irrigated | | 25782 / 3952 / 1 | TR 3952 | 100% | | | | | $26,630.52 | N/A | $0.00 | | |
| Corn / YP | 0001-0012 EU / YA | | | 1.10 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $274.00 |
| Grain / Irrigated | | 23148 / 3244 / 2 | Shields T-3244 | 100% | | | | | $273.52 | N/A | $0.00 | | |
| Corn / YP | 0001-0004 EU / YA | | | 38.70 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $9,623.00 |
| Grain / Irrigated | | 23510 / 10854 / 23510 / 3995 / 1 | JUDGE & 20 T3995,10854 | 100% | | | | | $9,622.79 | N/A | $0.00 | | |
| Corn / YP | 0001-0005 EU / YA | | | 34.00 | 13 / 100% | | | NS / P2 | $248.65 | $6.17 | 0.00 | $0.00 | $8,454.00 |
| Grain / Irrigated | | 23510 / 3246 / 1 | Conn | 100% | | | | | $8,454.13 | N/A | $0.00 | | |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


HUDSON
INSURANCE GROUP

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 07/23/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12009744 | 48-595-1003702 |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Corn / YP | 0001-0009 EU / YA | | | 79.50 | | | | | $248.65 | $6.17 | 0.00 | | |
| Grain / Irrigated | | 23510 / 14530 / 1<br>23510 / 14527 / 1<br>23510 / 14527 / 3<br>23510 / 14527 / 2<br>23510 / 14527 / 5 | Pink & Lopez | 100% | 13 / 100% | | | NS / P2 | $19,767.75 | N/A | $0.00 | $0.00 | $19,768.00 |
| Corn / YP | 0001-0004 EU / YA | | | 15.10 | | | | | $248.65 | $6.17 | 0.00 | | |
| Grain / Irrigated | | 23510 / 10854 / 23510 / 3995 | JUDGE & 20 T3995,10854 | 100% | 13 / 100% | | | NS / P2 | $3,754.63 | N/A | $0.00 | $0.00 | $3,755.00 |
| Cotton / YP | 0001-0006 OU / YA, SE | | | 59.20 | | | | | $271.81 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 14526 / 23510 / 14525 | Antenna & Airport T14525,26 | 100% | 13 / 100% | | | NS / P2 | $16,091.15 | N/A | $0.00 | $0.00 | $16,091.00 |
| Cotton / YP | 0001-0006 OU / SE, YA | | | 59.20 | | | | | $56.10 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 14526 / 23510 / 14525 | Antenna & Airport T14525,26 | 100% | 13 / 100% | | | NS / P2 | $3,321.12 | N/A | $0.00 | $0.00 | $3,321.00 |
| Cotton / YP | 0001-0006 OU / YA, SE | | | 8.60 | | | | | $271.81 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 14526 / 23510 / 14525 | Antenna & Airport T14525,26 | 100% | 13 / 100% | | | NS / P2 | $2,337.57 | N/A | $0.00 | $0.00 | $2,338.00 |
| Cotton / YP | 0001-0006 OU / SE, YA | | | 8.60 | | | | | $0.00 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 14526 / 23510 / 14525 | Antenna & Airport T14525,26 | 100% | 13 / 100% | | | NS / P2 | $482.46 | N/A | $0.00 | $0.00 | $482.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



HUDSON
INSURANCE GROUP

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/23/2013



| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12009744 | 48-595-1003702 |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Cotton / YP | 0001-0008 OU / YA, SE | | | 187.90 | | | | | $280.28 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 137268 / 1 23510 / 137266 / 2 23510 / 137266 / 1 23510 / 137005 / 1 23510 / 137265 / 23510 / 137004 / 2 23510 / 137262 / 1 | Headquarters | 100% | 13 / 100% | | | NS / P2 | $52,664.61 | N/A | $0.00 | $0.00 | $52,665.00 |
| Cotton / YP | 0001-0008 OU / SE, YA | | | 187.90 | | | | | $57.75 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 137268 / 1 23510 / 137266 / 2 23510 / 137266 / 1 23510 / 137005 / 1 23510 / 137265 / 23510 / 137004 / 2 23510 / 137262 / 1 | Headquarters | 100% | 13 / 100% | | | NS / P2 | $10,851.23 | N/A | $0.00 | $0.00 | $10,851.00 |
| Cotton / YP | 0001-0010 OU / YA, SE | | | 73.40 | | | | | $280.28 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 137263 / 1 23510 / 134792 / 1 | Shorty T134791,137 263 | 100% | 13 / 100% | | | NS / P2 | $20,572.55 | N/A | $0.00 | $0.00 | $20,573.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars
POL (Rev. 12-2011)

# Loss Statement

HUDSON INSURANCE GROUP

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/23/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12009744 | 48-595-1003702 |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cotton / YP | 0001-0010 OU / SE, YA | | | 73.40 | | | | | $57.86 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 137263 / 1<br>23510 / 134792 / 1 | Shorty T134791,137 263 | 100% | 13 / 100% | | | NS / P2 | $4,246.92 | N/A | $0.00 | $0.00 | $4,247.00 |
| Cotton / YP | 0001-0011 OU / YA, SE | | | 72.40 | | | | | $308.00 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 3249<br>23510 / 3051 / 1<br>23510 / 10987 / 1<br>23510 / 137426 / 1<br>23510 / 3335 / 1<br>23510 / 3249 / 1<br>23510 / 3659 / 1 | Horse Barn | 100% | 13 / 100% | | | NS / P2 | $22,299.20 | N/A | $0.00 | $0.00 | $22,299.00 |
| Cotton / YP | 0001-0011 OU / SE, YA | | | 72.40 | | | | | $63.58 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 23510 / 3249<br>23510 / 3051 / 1<br>23510 / 10987 / 1<br>23510 / 137426 / 1<br>23510 / 3335 / 1<br>23510 / 3249 / 1<br>23510 / 3659 / 1 | Horse Barn | 100% | 13 / 100% | | | NS / P2 | $4,603.19 | N/A | $0.00 | $0.00 | $4,603.00 |
| Cotton / YP | 0001-0027 OU / YA, SE | | | 55.10 | | | | | $290.29 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 6904 / 6984 / 1<br>6904 / 6984 / 2 | t-6984 | 100% | 13 / 100% | | | NS / P2 | $15,994.98 | N/A | $0.00 | $0.00 | $15,995.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars


HUDSON
INSURANCE GROUP

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 07/23/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12009744 | 48-595-1003702 |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cotton / YP | 0001-0027 OU / SE, YA | | | 55.10 | | | | | $59.84 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 6904 / 6984 / 1<br>6904 / 6984 / 2 | t-6984 | 100% | 13 / 100% | | | NS / P2 | $3,297.18 | N/A | $0.00 | $0.00 | $3,297.00 |
| Cotton / YP | 0001-0037 OU / YA, SE | | | 44.40 | | | | | $289.52 | $0.77 | 0.00 | | |
| No Type Specified / Irrigated | | 536 / 796 | Groves Edith T-796 | 100% | 13 / 100% | | | NS / P2 | $12,854.69 | N/A | $0.00 | $0.00 | $12,855.00 |
| Cotton / YP | 0001-0037 OU / SE, YA | | | 44.40 | | | | | $59.73 | $0.11 | 0.00 | | |
| No Type Specified / Irrigated | | 536 / 796 | Groves Edith T-796 | 100% | 13 / 100% | | | NS / P2 | $2,652.01 | N/A | $0.00 | $0.00 | $2,652.00 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| **Total Indemnity** | **$248,457.00** |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$248,457.00** |
| | |
| **Previous Transactions** | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$248,457.00** |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| **Current Loss Credits** | **$65,754.00** |
| **Check Amount** | **$182,703.00** |

Processed Batch: 1400 On 07-23-2013, Check# 8671

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2013 | 12010066 | 48-595-1003702 |

| | | State Code / Name | |
|---|---|---|---|
| Phone: (956) 330-6129 Cell (956) 845-6682 Office<br>Email:<br>Authorized Representative: NONE<br>Power of Attorney: NONE<br>Best time to contact insured: | Phone: (956) 361-5550 Agency (956) 361-5550 Agent<br>Email: cclipson@cropguardgroup.com<br>Claims Supervisor: Ben Hanawa<br>Adjuster: Carlos Guajardo | 48 Texas<br><br>I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?<br><br>☐ Yes  ☐ No | |

**Check one:**
☐ This is a notice of prevented planting.     ☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☒ This is a notice of probable loss.          ☐ Immediate inspection is requested. If checked, explain why: _____

**County:** Hidalgo (215)     **Crop:** Corn          **Date Reported:** 4/13/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 4/13/2013 | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☒ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County:**          **Crop:**          **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County:**          **Crop:**          **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**Remarks:**

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Carlos Guajardo | **2013** | **12010066** | **48-595-1003702** |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



M911 (Rev. 03-2014)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12010066 | 48-595-1003702 |

| | | Original Paid Date | State Code / Name | |
|---|---|---|---|---|
| | | 1/26/2012 | 48 | Texas |
| | | Revised Paid Date | County Code / Name | |
| | | | 215 | Hidalgo |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# Loss Statement



This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12010066 | 48-595-1003702 |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Corn / YP | 0001-2041 EU / YA | | | 10.50 | | | | | $152.40 | $6.17 | 0.00 | | |
| Grain / Non-Irrigated | | 26230 / 17347 / 26230 / 136871 / 3 26230 / 136871 / 5 26230 / 136871 / 4 | | 100% | 11 / 100% | | | NS / UH | $1,600.19 | N/A | $0.00 | $1,600.19 | $1,600.00 |
| Corn / YP | 0001-2041 EU / YA | | | 32.80 | | | | | $152.40 | $6.17 | 0.00 | | |
| Grain / Non-Irrigated | | 26230 / 17347 / 26230 / 136871 / 3 26230 / 136871 / 5 26230 / 136871 / 4 | | 100% | 11 / 100% | | | NS / UH | $4,998.69 | N/A | $0.00 | $4,998.69 | $4,999.00 |
| Corn / YP | 0001-2041 EU / YA | | | 26.50 | | | | | $152.40 | $6.17 | 0.00 | | |
| Grain / Non-Irrigated | | 26230 / 17347 / 26230 / 136871 / 3 26230 / 136871 / 5 26230 / 136871 / 4 | | 100% | 11 / 100% | | | NS / UH | $4,038.57 | N/A | $0.00 | $4,038.57 | $4,039.00 |
| Corn / YP | 0001-2042 EU / YA | | | 8.50 | | | | | $152.40 | $6.17 | 0.00 | | |
| Grain / Non-Irrigated | | 26204 / 16503 / 1 26204 / 133562 / 2 | | 100% | 11 / 100% | | | NS / UH | $1,295.39 | N/A | $0.00 | $1,295.39 | $1,295.00 |
| Corn / YP | 0001-2042 EU / YA | | | 13.20 | | | | | $152.40 | $6.17 | 0.00 | | |
| Grain / Non-Irrigated | | 26204 / 16503 / 1 26204 / 133562 / 2 | | 100% | 11 / 100% | | | NS / UH | $2,011.67 | N/A | $0.00 | $2,011.67 | $2,012.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/15/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) <br> C Casey Clipson (2080) | 2013 | 12010066 | 48-595-1003702 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | |
|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $13,945.00 |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| **Current Claim Amount** | **$13,945.00** |
| | |
| **Previous Transactions** | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| **Amount Remaining** | **$13,945.00** |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $13,945.00 |
| **Check Amount** | **$0.00** |

Processed Batch: 1366 On 07-15-2013

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


HUDSON
INSURANCE GROUP

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | **2013** | **12010066** | **48-595-1003702** |

| | | **State Code / Name** | |
|---|---|---|---|
| | | 48 | Texas |

**Phone:** (956) 330-6129 Cell  (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Ben Hanawa

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes  ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.
☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why:_____

**County:** Hidalgo (215)      **Crop:** Grain Sorghum                    **Date Reported:** 4/13/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 4/13/2013 | |

**Insured's Intention (check one):**
☐ To harvest  ☐ To chop/silage  ☐ Leave for cover  ☒ Destroy  ☐ Plant to another crop  ☐ Pasture  ☐ Hay
☐ Crop will be direct marketed  ☐ Replant  ☐ Unknown at this time  ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**County:**              **Crop:**                    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest  ☐ To chop/silage  ☐ Leave for cover  ☐ Destroy  ☐ Plant to another crop  ☐ Pasture  ☐ Hay
☐ Crop will be direct marketed  ☐ Replant  ☐ Unknown at this time  ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**County:**              **Crop:**                    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest  ☐ To chop/silage  ☐ Leave for cover  ☐ Destroy  ☐ Plant to another crop  ☐ Pasture  ☐ Hay
☐ Crop will be direct marketed  ☐ Replant  ☐ Unknown at this time  ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**Remarks:**

---

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

Linked to previously paid
C#12010066

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Ben Hanawa | 2013 | 13003927 | 48-595-1003702 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity. Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)

To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



M911 (Rev. 03-2014)


HUDSON
INSURANCE GROUP

# Loss Statement
This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 400
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 01/14/2014

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardgroup.com | 2013 | 13003927 | 48-595-1003702 |

| | | | Original Paid Date | State Code / Name |
|---|---|---|---|---|
| | | | | 48  Texas |
| | | | Revised Paid Date | County Code / Name |
| | | | | 215  Hidalgo |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract /<br>Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0001 OU / YA | | | 55.90 | 11 /<br>100% | | | NS / H | $321.93 | $6.04 | 5,627.90 | ($15,996.52) | $0.00 |
| No Type Specified / Irrigated | | 23510 /<br>133863 / 2 | NITTLER T-133863 | 100% | | | | | $17,996.00 | N/A | $33,992.52 | | |
| Grain Sorghum / YP | 0001-0013 OU / YA | | | 19.40 | 11 /<br>100% | | | NS / H | $176.97 | $6.04 | 3.60 | $3,411.52 | $3,412.00 |
| No Type Specified / Non-Irrigated | | 24426 /<br>134797 / 1 | Catman | 100% | | | | | $3,433.26 | N/A | $21.74 | | |
| Grain Sorghum / YP | 0001-0014 OU / YA | | | 144.90 | | | | | $222.27 | $6.04 | 859.60 | $27,015.23 | $27,015.00 |
| No Type Specified / Non-Irrigated | | 23144 /<br>137259 / 1<br>23144 /<br>134098 / 1<br>23144 /<br>11329 / 1 | t-11329<br>134098<br>137259 | 100% | 11 /<br>100% | | | NS / H | $32,207.21 | N/A | $5,191.98 | | |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# Loss Statement
This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 400
Overland Park, KS 66210
Phone: (866) 450-1446
Fax: (913) 345-1671

Print Date: 01/14/2014


HUDSON
INSURANCE GROUP

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 13003927 | 48-595-1003702 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage
PF = Prevented Plant with Standard Coverage + 5%
PT = Prevented Plant with Standard Coverage + 10%
H = Harvested
UH = Unharvested
R = Replant
1 = Stage I
2 = Stage II
3 = Stage III
4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Polebum |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $30,427.00 |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $30,427.00 |
| | |
| Previous Transactions | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $30,427.00 |
| | |
| Current Disbursements | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| Check Amount | $30,427.00 |

Processed Batch: 2058 On 01-14-2014, Check# 13517

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | 2013 | 13005987 | 48-595-1003702 |

| | | State Code / Name | |
|---|---|---|---|
| | | 48 | Texas |

**Insured's Phone:** (956) 330-6128 Cell (956) 845-6682 Office
**Email:**
**Authorized Representative:** NONE
**Power of Attorney:** NONE
**Best time to contact insured:**

**Agent Phone:** (956) 361-5550 Agency (956) 361-5550 Agent
**Email:** cclipson@cropguardgroup.com
**Claims Supervisor:** Ben Hanawa
**Adjuster:** Barry Zuber

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.

☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why:_____

**County:** Hidalgo (215)    **Crop:** Cotton    **Date Reported:** 9/6/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Heat | 9/6/2013 | |

**Insured's Intention (check one):**
☒ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**County:**    **Crop:**    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**County:**    **Crop:**    **Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?
☐ Yes ☐ No

**Remarks:**
waiting on production

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 01/30/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Barry Zuber | **2013** | **13005987** | **48-595-1003702** |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?  ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

### Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity. Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)

To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



# Loss Statement
This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 10/08/2013


HUDSON
INSURANCE GROUP

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 13005987 | 48-595-1003702 |

| | | Original Paid Date | State Code / Name |
|---|---|---|---|
| | | | 48 | Texas |

| | | Revised Paid Date | County Code / Name |
|---|---|---|---|
| | | | 215 | Hidalgo |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract / Field # | Farm Name | Acres<br>Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cotton / YP | 0001-2007 OU / YA, SE | | | 30.30 | 12 /<br>100% | | | NS / UH | $184.80 | $0.77 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 23510 / 3393 /<br>1 | MARROQUIN T-3393 | 100% | | | | | $5,599.44 | N/A | $0.00 | $5,599.44 | $5,599.00 |
| Cotton / YP | 0001-2007 OU / SE, YA | | | 30.30 | 12 /<br>100% | | | NS / UH | $38.06 | $0.11 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 23510 / 3393 /<br>1 | MARROQUIN T-3393 | 100% | | | | | $1,153.22 | N/A | $0.00 | $1,153.22 | $1,153.00 |

**Stage Codes:**
P2 = Prevented Plant with Standard Coverage
PF = Prevented Plant with Standard Coverage + 5%
PT = Prevented Plant with Standard Coverage + 10%
H = Harvested
UH = Unharvested
R = Replant
1 = Stage I
2 = Stage II
3 = Stage III
4 = Stage IV

**Cause of Loss Codes:**

| | | |
|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $6,752.00 |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $6,752.00 |
| **Previous Transactions** | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $6,752.00 |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $6,104.00 |
| Check Amount | $648.00 |

Processed Batch: 1681 On 10-08-2013, Check# 11135

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# Notice of Prevented Planting or Damage or Loss



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 02/01/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | **2013** | **12009693** | **48-595-1003701** |

| | | State Code / Name | |
|---|---|---|---|
| | | 48 | Texas |

**Insured:** Phone: (956) 330-6129 Cell   (956) 845-6682 Office
Email:
Authorized Representative: NONE
Power of Attorney: NONE
Best time to contact Insured:

**Agency:** Phone: (956) 361-5550 Agency (956) 361-5550 Agent
Email: cclipson@cropguardgroup.com
Claims Supervisor: Ben Hanawa
Adjuster: Carlos Guajardo

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes  ☐ No

**Check one:**
☐ This is a notice of prevented planting.
☒ This is a notice of probable loss.
☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☐ Immediate inspection is requested. If checked, explain why: _____

County: Willacy (489)    Crop: Grain Sorghum    Date Reported: 3/4/2013

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Wind/Excess Wind | 3/4/2013 | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☒ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

County:    Crop:    Date Reported:

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

County:    Crop:    Date Reported:

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

**Insured's Intention (check one):**
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain): _____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?  ☐ Yes  ☐ No

**Remarks:**
contact 956-845-6682
Spoke with insured 9:30am on 3/4/2013. Notified him about adjuster school in denver. Adjuster will contact and make appointment.

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)



# Notice of Prevented Planting or Damage or Loss



Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 02/01/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Carlos Guajardo | **2013** | **12009693** | **48-595-1003701** |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?   ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance. The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA. For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area. Disclosure of the information requested is voluntary. However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derivec therefrom. Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy - The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us. The collection, use and disclosure of such information is regulated by law. Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information. We also limit employee access to certain personal information, to those with a business reason for knowing such information. Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.



7300 West 110th Street, Suite 850
Overland Perk, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

**1st paid date** Print Date: 06/10/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12009693 | 48-595-1003701 |

| | | Original Paid Date | State Code / Name |
|---|---|---|---|
| | | | 48 | Texas |

| | | Revised Paid Date | County Code / Name |
|---|---|---|---|
| | | | 489 | Willacy |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 74.00 | | | | | $141.34 | $6.04 | 346.30 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 2<br>4792 / 4236 / 1<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | | 100% | 61 / 100% | | | / R | $2,100.71 | N/A | $0.00 | $0.00 | $2,101.00 |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 76.00 | | | | | $141.34 | $6.04 | 355.70 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 2<br>4792 / 4236 / 1<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | | 100% | 61 / 100% | | | / R | $2,157.49 | N/A | $0.00 | $0.00 | $2,157.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.


**HUDSON** INSURANCE GROUP

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 06/10/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12009693 | 48-595-1003701 |

| Crop / Plan<br>Type / Practice | Unit Number / Options<br>Legal Description * | FSA / Tract /<br>Field # | Farm Name | Acres<br>Share | 1st Cause /<br>% | 2nd Cause /<br>% | 3rd Cause /<br>% | MC Code /<br>Stage | GPA **<br>Loss Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum /<br>YP | 0001-0001 OU / YA, TA | | | 62.50 | | | | | $141.34 | $6.04 | 292.50 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 2<br>4792 / 4236 / 1<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | | 100% | 61 / 100% | | | / R | $1,774.25 | N/A | $0.00 | $0.00 | $1,774.00 |
| Grain Sorghum /<br>YP | 0001-0001 OU / YA, TA | | | 2.60 | | | | | $141.34 | $6.04 | 12.20 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 2<br>4792 / 4236 / 1<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | | 100% | 61 / 100% | | | / R | $73.81 | N/A | $0.00 | $0.00 | $74.00 |
| Grain Sorghum /<br>YP | 0001-0002 OU / YA, TA | | | 67.00 | | | | | $158.85 | $6.04 | 352.40 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 6<br>4792 / 4781 / 4 | | 100% | 61 / 100% | | | / R | $2,144.80 | N/A | $0.00 | $0.00 | $2,145.00 |
| Grain Sorghum /<br>YP | 0001-0003 OU / YA, TA | | | 165.00 | | | | | $217.44 | $6.04 | 1,155.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 5 | | 100% | 61 / 100% | | | / R | $6,976.20 | N/A | $0.00 | $0.00 | $6,976.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12009693 | 48-595-1003701 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Polebum |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $15,227.00 |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $15,227.00 |
| | |
| **Previous Transactions** | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $15,227.00 |
| | |
| **Current Disbursements** | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| Check Amount | $15,227.00 |

Processed Batch: 1265 On 06-10-2013

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


**HUDSON** INSURANCE GROUP

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1871

**2nd paid date due to acreage correction**

Print Date: 06/26/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12009693 | 48-595-1003701 |

| | | **Original Paid Date** | **State Code / Name** | |
| | | | 48 | Texas |
| | | **Revised Paid Date** | **County Code / Name** | |
| | | | 489 | Willacy |

| Crop / Plan Type / Practice | Unit Number / Options | | | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal Description * | FSA / Tract / Field # | Farm Name | | | | | | | | | | |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 74.00 | | | | | $158.85 | $6.04 | 346.30 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1<br>4792 / 4236 / 2<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 61 / 100% | | | / R | $2,368.89 | N/A | $0.00 | $0.00 | $2,369.00 |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 76.00 | | | | | $158.85 | $6.04 | 355.70 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1<br>4792 / 4236 / 2<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 61 / 100% | | | / R | $2,432.91 | N/A | $0.00 | $0.00 | $2,433.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars
POL (Rev. 12-2011)

# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.


HUDSON
INSURANCE GROUP

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 06/26/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12009693 | 48-595-1003701 |

| Crop / Plan Type / Practice | Unit Number / Options Legal Description * | FSA / Tract / Field # | Farm Name | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 62.50 | | | | | $158.85 | $6.04 | 292.50 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 61 / 100% | | | / R | $2,000.75 | N/A | $0.00 | $0.00 | $2,001.00 |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 2.60 | | | | | $158.85 | $6.04 | 12.20 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4760 | 100% | 61 / 100% | | | / R | $83.23 | N/A | $0.00 | $0.00 | $83.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)

# Loss Statement



7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (868) 450-1445
Fax: (913) 345-1671

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 06/26/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080) | 2013 | 12009693 | 48-595-1003701 |

| Crop / Plan Type / Practice | Unit Number / Options Legal Description * | FSA / Tract / Field # | Farm Name | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 17.30 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1<br>4792 / 4236 / 2<br>4792 / 4780 / 1<br>4792 / 4779 / 1<br>4792 / 4779 / 3<br>4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 61 / 100% | | | / NR | $0.00 | N/A | $0.00 | $0.00 | $0.00 |
| Grain Sorghum / YP | 0001-0002 OU / YA, TA | | | 67.10 | 61 / 100% | | | / R | $158.85 | $6.04 | 352.40 | $0.00 | $2,148.00 |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 4 | West Windmill T4781 Blk4 | 100% | | | | | $2,148.01 | N/A | $0.00 | | |
| Grain Sorghum / YP | 0001-0003 OU / YA, TA | | | 165.00 | 61 / 100% | | | / R | $217.44 | $6.04 | 1,155.00 | $0.00 | $6,976.00 |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 5 | Windmill t4781 Blk 5 | 100% | | | | | $6,976.20 | N/A | $0.00 | | |

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12009693 | 48-595-1003701 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $16,010.00 |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $16,010.00 |
| | |
| Previous Transactions | |
| Previous Paid Check(s) | $15,227.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $783.00 |
| | |
| Current Disbursements | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $0.00 |
| Check Amount | $783.00 |

Processed Batch: 1310 On 06-26-2013

\* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
\*\* Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


HUDSON
INSURANCE GROUP

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 02/01/2015

| Insured's Name, Mailing or Street Address and Other Contact Information | Agency and Agent Contact Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83<br>Ste 102<br>San Benito, TX 78586 | **2013** | **12010065** | **48-595-1003701** |

**State Code / Name**

| | |
|---|---|
| 48 | Texas |

Phone: (956) 330-6129 Cell  (956) 845-6682 Office
Email:
Authorized Representative: NONE
Power of Attorney: NONE
Best time to contact insured:

Phone: (956) 361-5550 Agency (956) 361-5550 Agent
Email: cclipson@cropguardgroup.com
Claims Supervisor: Ben Hanawa
Adjuster: Carlos Guajardo

I am an Agent, Employee, or Contractor affiliated with the Federal crop insurance program?

☐ Yes ☐ No

Check one:  ☐ This is a notice of prevented planting.   ☐ This is a notice of damage only (appears that production will exceed the guarantee at this time).
☒ This is a notice of probable loss.   ☐ Immediate inspection is requested. If checked, explain why:_____

**County: Willacy (489)          Crop: Cotton                                          Date Reported: 4/13/2013**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 4/13/2013 | |

Insured's Intention (check one):
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☒ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):_____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County: Willacy (489)          Crop: Grain Sorghum                              Date Reported: 4/13/2013**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | Drought | 4/13/2013 | |

Insured's Intention (check one):
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☒ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):_____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

**County:                          Crop:                                          Date Reported:**

| Unit | Acres | Legal Description* | Estimated Production | Cause of Damage | Date of Damage | Expected Harvest Date |
|---|---|---|---|---|---|---|
| | | | | | | |

Insured's Intention (check one):
☐ To harvest   ☐ To chop/silage   ☐ Leave for cover   ☐ Destroy   ☐ Plant to another crop   ☐ Pasture   ☐ Hay
☐ Crop will be direct marketed   ☐ Replant   ☐ Unknown at this time   ☐ Other (Explain):_____

If the intent is to replant and a replanting payment is applicable, is the acreage greater than 50 acres of the unit?   ☐ Yes  ☐ No

Remarks:

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)





# Notice of Prevented Planting or Damage or Loss

Hudson Insurance Company
7300 West 110th Street, Suite 400
Overland Park, KS 66210
Ph / Fx: (866) 450-1445 / (913) 345-1671

Print Date: 02/01/2015

| Insured's Name | Adjuster's Name | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | Carlos Guajardo | 2013 | 12010065 | 48-595-1003701 |

I request authorization to commingle production from two or more units or commingle production between insured and uninsured acreage within the same structure and to use my load records, structure markings, or combine monitor records to determine production between units or production from insured/uninsured acreage. Do you agree to follow your insurance provider's written criteria and instructions to do this?  ☐ Yes ☐ No

Written or oral authorization and written criteria and instructions must be received from your insurance provider before production can be commingled. I understand that if authorization is given, my insurance provider will annually provide written criteria and instructions for the use of load or combine monitor records to separate such production, and if I fail to follow all instructions, my optional unit structure will be collapsed.

If you have less than 100% share, is the other share insured under a Federal crop insurance program? If so, list the person's name, name of AIP for which they carry a Federal crop insurance and policy number if known.

## Collection of Information and Data (Privacy Act) Statement
### Agents, Loss Adjusters and Policyholders

The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a):  The Risk Management Agency (RMA) is authorized by the Federal Crop Insurance Act (7 U.S.C. 1501-1524) or other Acts, and the regulations promulgated thereunder, to solicit the information requested on documents established by RMA or by approved insurance providers (AIPs) that have been approved by the Federal Crop Insurance Corporation (FCIC) to deliver Federal crop insurance.  The information is necessary for AIPs and RMA to operate the Federal crop insurance program, determine program eligibility, conduct statistical analysis, and ensure program integrity Information provided herein may be furnished to other Federal, State, or local agencies, as required or permitted by law, law enforcement agencies, courts or adjudicative bodies, foreign agencies, magistrate, administrative tribunal, AIPs contractors and cooperators, Comprehensive Information Management System (CIMS), congressional offices, or entities under contract with RMA.  For insurance agents, certain information may also be disclosed to the public to assist interested individuals in locating agents in a particular area.  Disclosure of the information requested is voluntary.  However, failure to correctly report the requested information may result in the rejection of this document by the AIP or RMA in accordance with the Standard Reinsurance Agreement between the AIP and FCIC, Federal regulations, or RMA-approved procedures and the denial of program eligibility or benefits derived therefrom.  Also, failure to provide true and correct information may result in civil suit or criminal prosecution and the assessment of penalties or pursuit of other remedies.

### Non-Discrimination Statement

Non-Discrimination Policy – The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department.  (Not all prohibited basis will apply to all programs and/or employment activities.)
To File a Program Complaint - If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to the U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Persons with Disabilities - Individuals who are deaf, hard of hearing or have speech disabilities and wish to file either an EEO or program complaint please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, who wish to file a program complaint, please see information above on how to contact the Department by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

### Hudson Insurance Privacy Policy

When you apply to any of the Hudson Insurance Group companies for any type of insurance, you disclose information about yourself to us.  The collection, use and disclosure of such information is regulated by law.  Hudson Insurance Group, its agents, affiliates and subsidiaries maintain physical, electronic and procedural safeguards that comply with state and federal regulations to guard your personal information.  We also limit employee access to certain personal information, to those with a business reason for knowing such information.  Hudson Insurance Group also instructs its employees so that they will understand the importance of the confidentiality of personal information, and takes appropriate measures to enforce employee privacy responsibilities.

### Certification Statement

I certify that to the best of my knowledge and belief all of the information on this form is correct. I also understand that failure to report completely and accurately may result in sanctions under my policy, including but not limited to voidance of the policy, and in criminal or civil penalties (18 U.S.C. §1006 and §1014; 7 U.S.C. §1506; 31 U.S.C. §3729, §3730 and any other applicable federal statutes).

| Insured's Printed Name | Insured's Signature | Date of Notice |
|---|---|---|
| Bvb Partners | | |

Refer to the Basic Provisions and the specific Crop Provisions for more details on notice requirements for acreage prevented from planting and notice requirements for damage or loss requirements.



M911 (Rev. 03-2014)

65Page 2 of 2



# Loss Statement

This Loss Statement represents all acreages that have been finalized.
Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/12/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners<br>PO Box 403<br>Hargill, TX 78549<br>(956) 845-6682 | CropGuard Group Inc. (48-008)<br>C Casey Clipson (2080)<br>2315 W Expressway 83, Ste 102<br>San Benito, TX 78586<br>(956) 361-5550<br>ritclipson@cropguardinsurance.com | 2013 | 12010065 | 48-595-1003701 |

| | | Original Paid Date | State Code / Name |
|---|---|---|---|
| | | 1/26/2012 | 48  Texas |
| | | Revised Paid Date | County Code / Name |
| | | | 489  Willacy |

| Crop / Plan<br>Type / Practice | Unit Number / Options | | Acres<br>Share | 1st<br>Cause /<br>% | 2nd<br>Cause /<br>% | 3rd<br>Cause /<br>% | MC<br>Code /<br>Stage | GPA **<br>Loss<br>Guarantee | Price<br>Hvst Price | PTC - UOM<br>$ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Legal<br>Description * | FSA / Tract /<br>Field # | Farm Name | | | | | | | | | |
| Cotton / YP | 0001-0004 EU / YA, SE | | 69.40 | | | | | $189.42 | $0.77 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4205 / 3<br>4792 / 4205 / 1 | Nelda T4205 | 100% | 11 /<br>100% | | | NS / UH | $13,145.75 | N/A | $0.00 | $13,145.75 | $13,146.00 |
| Cotton / YP | 0001-0004 EU / SE, YA | | 69.40 | | | | | $38.94 | $0.11 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4205 / 3<br>4792 / 4205 / 1 | Nelda T4205 | 100% | 11 /<br>100% | | | NS / UH | $2,702.44 | N/A | $0.00 | $2,702.44 | $2,702.00 |
| Cotton / YP | 0001-0005 EU / YA, SE | | 71.00 | | | | | $320.32 | $0.77 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 73 / 1<br>4792 / 74 / 1 | Toby T73 T74 | 100% | 11 /<br>100% | | | NS / UH | $22,742.72 | N/A | $0.00 | $22,742.72 | $22,743.00 |
| Cotton / YP | 0001-0005 EU / YA, SE | | 3.10 | | | | | $320.32 | $0.77 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 73 / 1<br>4792 / 74 / 1 | Toby T73 T74 | 100% | 11 /<br>100% | | | NS / UH | $992.99 | N/A | $0.00 | $992.99 | $993.00 |
| Cotton / YP | 0001-0005 EU / SE, YA | | 71.00 | | | | | $66.00 | $0.11 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 73 / 1<br>4792 / 74 / 1 | Toby T73 T74 | 100% | 11 /<br>100% | | | NS / UH | $4,686.00 | N/A | $0.00 | $4,686.00 | $4,686.00 |
| Cotton / YP | 0001-0005 EU / SE, YA | | 3.10 | | | | | $66.00 | $0.11 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 73 / 1<br>4792 / 74 / 1 | Toby T73 T74 | 100% | 11 /<br>100% | | | NS / UH | $204.60 | N/A | $0.00 | $204.60 | $205.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)


HUDSON
INSURANCE GROUP

# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/12/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12010065 | 48-595-1003701 |

| Crop / Plan Type / Practice | Unit Number / Options — Legal Description * | FSA / Tract / Field # | Farm Name | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 74.00 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 11 / 100% | | | NS / UH | $11,755.05 | N/A | $0.00 | $11,755.05 | $11,755.00 |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 62.50 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 11 / 100% | | | NS / UH | $9,928.25 | N/A | $0.00 | $9,928.25 | $9,928.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

7300 West 110th Street, Suite 850
Overland Park, KS 66210
Phone: (866) 450-1445
Fax: (913) 345-1671

Print Date: 07/12/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12010065 | 48-595-1003701 |

| Crop / Plan Type / Practice | Unit Number / Options Legal Description * | FSA / Tract / Field # | Farm Name | Acres Share | 1st Cause / % | 2nd Cause / % | 3rd Cause / % | MC Code / Stage | GPA ** Loss Guarantee | Price Hvst Price | PTC - UOM $ | Deficiency | Indemnity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 2.60 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 11 / 100% | | | NS / UH | $413.02 | N/A | $0.00 | $413.02 | $413.00 |
| Grain Sorghum / YP | 0001-0001 OU / YA, TA | | | 76.00 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4236 / 1 4792 / 4236 / 2 4792 / 4780 / 1 4792 / 4779 / 1 4792 / 4779 / 3 4792 / 4779 / 2 | Ogden T4779,T4236, T4780 | 100% | 11 / 100% | | | NS / UH | $12,072.75 | N/A | $0.00 | $12,072.75 | $12,073.00 |
| Grain Sorghum / YP | 0001-0002 OU / YA, TA | | | 67.00 | | | | | $158.85 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 4 | West Windmill T4781 Blk4 | 100% | 11 / 100% | | | NS / UH | $10,643.08 | N/A | $0.00 | $10,643.08 | $10,643.00 |
| Grain Sorghum / YP | 0001-0003 OU / YA, TA | | | 165.00 | | | | | $217.44 | $6.04 | 0.00 | | |
| No Type Specified / Non-Irrigated | | 4792 / 4781 / 5 | Windmill t4781 Blk 5 | 100% | 11 / 100% | | | NS / UH | $35,877.60 | N/A | $0.00 | $35,877.60 | $35,878.00 |

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)
** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)



# Loss Statement

This Loss Statement represents all acreages that have been finalized.

Claims are subject to audit by the company.

Print Date: 07/12/2013

| Insured's Information | Agency's Information | Crop Year | Claim Number | Policy Number |
|---|---|---|---|---|
| Bvb Partners | CropGuard Group Inc. (48-008) C Casey Clipson (2080) | 2013 | 12010065 | 48-595-1003701 |

**Stage Codes:**

P2 = Prevented Plant with Standard Coverage

PF = Prevented Plant with Standard Coverage + 5%

PT = Prevented Plant with Standard Coverage + 10%

H = Harvested

UH = Unharvested

R = Replant

1 = Stage I

2 = Stage II

3 = Stage III

4 = Stage IV

**Cause of Loss Codes:**

| | | | |
|---|---|---|---|
| 1 = Low Harvest Price | 41 = Frost | 64 = Tornado | 95 = Poleburn |
| 2 = Low Market Price | 42 = Freeze | 71 = Insects | 96 = Fruit Set |
| 10 = Drought Deviation | 43 = Cold Winter Kill | 72 = Medfly | 97 = Earthquake |
| 11 = Drought | 44 = Cold Wet Weather | 81 = Disease | 98 = Volcanic Eruption |
| 12 = Excessive Heat | 45 = Insufficient Chill | 82 = Aflatoxin | 99 = Other |
| 13 = Irrigation Failure | 51 = Flood | 90 = Force Fire | |
| 14 = Failed Irr Equip | 55 = GRP Revenue | 91 = Fire | |
| 21 = Hail | 61 = Wind | 92 = Hurricane | |
| 31 = Precipitation | 62 = Hot Wind | 93 = Wildlife | |
| 32 = Poor Drainage | 63 = Cyclone | 94 = Erosion | |

| | |
|---|---|
| Total Indemnity | $125,165.00 |
| | |
| Original Loss Amount | $0.00 |
| Increase/Overpayment | $0.00 |
| Current Claim Amount | $125,165.00 |
| | |
| Previous Transactions | |
| Previous Paid Check(s) | $0.00 |
| Overpaid Loss Recoveries | $0.00 |
| Amount Remaining | $125,165.00 |
| | |
| Current Disbursements | |
| Recovery to Other Claims | $0.00 |
| Current Loss Credits | $21,760.00 |
| Check Amount | $103,405.00 |

Processed Batch: 1362 On 07-12-2013

* Legal Description = Section, Township, Range & Other Land Identifiers (e.g. Spanish Land grants, metes & bounds, etc.)

** Guarantee Per Acre (GPA) = Bushels, Pounds, Tons, Hundred Weight, Boxes, Revenue Guarantee, or Dollars

POL (Rev. 12-2011)